## WOBURN DEGREASING CO. OF NEW JERSEY v. SPENCER KELLOGG & SONS, Inc.

### Civ. No. 452.

District Court, W. D. New York.

Feb. 20, 1941.

312

John S. Powers, of Buffalo, N. Y. (Gifford, Soull & Burgess, of New York City, of counsel), for plaintiff.

Bean, Brooks, Buckley & Bean, of Buffalo, N. Y. (Alfred M. Houghton, Lawrence E. Webster, and Harold F. Watson, all of Washington, D. C., of counsel), for defendant.

KNIGHT, District Judge.

This is a suit for infringement. The defendant in its answer alleges, among other things, invalidity because the patent was issued in violation of Section 4887 of U.S. Revised Statutes, 35 U.S.C.A. § 32. The answer also denied infringement and alleges invalidity in view of the prior art, estoppel, and laches.

Defendant now moves for a separate trial of the issue of validity under authority of Rule 42 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Section 42 (b) provides that "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any * * * issue * * *."

No case has come to my attention in which a separate trial of these particular issues has been directed. Moore's Federal Practice Under The New Federal Rules, Vol. 3, page 3051, Section 42.02, referring to the afore-mentioned rule states: "This principle of separate trial has also been applied as to legal and equitable issues. * * * Another example would be where the defendant to a patent infringement action pleaded license and invalidity of the patent. If the license defense is tried in advance of the issue of validity and is decided in favor of the defendant, the necessity of trying the much more complicated issue of

validity is avoided, * * *." Again, the same text-writer states, Vol. 1, page 653: "Rule 42 (b) should also be considered in determining the extent of the court's control over litigation. It authorizes 'the court in furtherance of convenience * * * to order a separate trial * * *.' Thus, where, in addition to the defenses of invalidity and noninfringement, the defendant challenged the sufficiency of plaintiff's title to the patent to enable it to maintain the suit, the trial court may properly hear the latter issue in advance of the other issues." Doherty Research Co. v. Vickers Petroleum Co., 10 Cir., 80 F.2d 809, certiorari denied 299 U.S. 545, 57 S.Ct. 9, 81 L.Ed. 401, is cited in support of this declaration.

Rule 42 (b) finds its derivation in part from old Equity Rule 29, 28 U.S.C.A. § 723 Appendix. Under the old Equity rules it has been held that the court may order separate trials of certain issues in patent and kindred suits. Cleveland Co. v. Gallon, etc., Co., D.C., 243 F. 405; Sanitary Street Flushing Mach. Co. v. Studebaker Corp., D.C., 226 F. 797. Under the new Rule 42 (b) separate trials have been ordered in various cases which have some bearing here. Seagram-Distillers Corp. v. Manos, D.C., 25 F.Supp. 233; Eisman v. Samuel Goldwyn (copyright infringement) D.C., 30 F.Supp. 436; Seaboard Terminals Corp. v. Standard Oil Co., D.C., 30 F.Supp. 671; Parker Rust-Proof Co. v. Western Union Tel. Co., 2 Cir., 105 F.2d 976; Society of European Stage Authors & Composers, Inc., et al. v. WCAU Broadcasting Co., D.C., 35 F.Supp. 460 (Dept. of Justice Bulletin No. 95) (copyright infringement).

Within its sound discretion the court has a right to order separate trials in issues of validity and infringement in patent suits. Sound discretion must be based on consideration of convenience and prejudice as respects the several parties. In the exercise of that discretion the court may properly consider the long-established practice of hearing the usual issues in the patent suit and the intimate relations which such issues bear to each other as respects the proof usually submitted. In other words, the old practice should not be changed here, except upon the clearest showing that the trial of the issue of validity will not involve the trial of the merits of the other issues or, indeed, a substantial duplication of proof, if the other issues have to be tried.

The convenience of the parties would not be served if separation were permitted under such circumstances. Plaintiff claims here that the trial of the issue of validity separately will require proof of the prior art. If this is so to any considerable degree, the motion should be denied.

Section 4887 (35 U.S.C.A. § 32) in part provides that no patent shall "be declared invalid by reason of its having been first patented * * * in a foreign country, unless the application for such foreign patent was filed more than twelve months * * * prior to the filing of the application in this country, in which case no patent shall be granted in this country." Paragraph 7 of the answer raises the issues with respect to Section 4887, supra. It is there alleged that the patent in suit, No. 1,892,258, is invalid because the invention described in it was patented in Germany on July 17, 1931, Patent No. 529,557, on an application No. I 35,266 applied for August 15, 1928, or more than twelve months before the filing of the United States application No. 421,596 for the patent in suit on January 17, 1930. Patent No. 1,892,258 was issued December 27, 1932. The German application No. I 35,266 was filed by the assignee of the inventor of the United States patent. The patentee herein on July 15, 1929, also filed an application No. 378,586 for United States Patent and his assignee on December 20, 1929, also filed in Germany an application No. I 40,202 for a patent. In the oath of the patentee, Ufer, on the application for the United States Patent No. 421,596, stated that the application was a continuation of the application No. 378,586 and, among other things, he stated that no patent on the same subject matter has been filed, except German No. I 40,202. I do not attempt here to place any construction on the question raised as to the effect or interpretation of his oath. Plaintiff's claim is that the second United States application aforesaid relates back to the second German application, that the second German application aforesaid is a continuation of the first application; and that therefore the time had not run in which to file the application on the patent for the patent suit. The defendant contends that the subject matter disclosed in the United States and German patents was disclosed in and relates back to the application of August 15, 1928.

Upon this motion the parties have entered into a detailed presentation of facts claimed to support or deny validity, and these include a detailed comparison of the various elements of the claims in the aforesaid patents and applications. The questions at issue are what foreign application is to determine the limitation period fixed in Section 4887, supra, and the identity of the United States invention as regards the particular application to which the limitation period in Section 4887 is to be applied. The patent in suit is for a process for production of modified castor oil in order to render it soluble in mineral oils. The court is not here called upon to pass upon the merits of the particular issue of invalidity raised by the defendant, except in so far as it must determine whether the defendant makes a prima facie showing of a defense of invalidity. It seems to me that it does make such a showing. In addition to the two patents and the applications aforesaid there have been submitted by the defendant two affidavits stating the method of construction of German patents, the disclosures of the German Patent No. 529,557 and comparative disclosures of both the patent in suit and the German Patent No. 529,557. The patent in suit states that the "Application has been filed in Germany, August 15, 1928" and "The present application is a continuance in part of the application Ser. No. 378,586, filed July 15th, 1929" (abandoned application). The German application of August 15, 1928 (No. I 35,266), recites that it is a "Process for the production of oils soluble in mineral oils from castor oil." The abandoned United States application No. 378,586 is for the "Improvement in Conditioning Castor Oil", while the second German application for Patent No. I 40,202 is entitled "Process for the Production of drying oils." A determination of the question of what the disclosures are as respect the use of oxides as catalysts, or acids as catalysts is patently important to be decided as bearing on validity. This importance is emphasized in the presentation now made to this court and the dispute as to the effect of the disclosures in this respect.

It is quite evident that expert testimony will be required to prove or disprove the equivalency of chemical terms and an interpretation of the applications and patents in other respects. It is not, however, believed that trial of the issue separately will necessitate going into all the prior art. It may be that some proof of the prior art may be shown to be competent, but the door is not to be opened wide on that sub-

314

ject. The court will fix the limitation within what is material.

Under the facts here shown it seems to me that this is peculiarly a case in which the issues as to validity should be tried separately from the other issues for the greater convenience of all.