### CONMAR PRODUCTS CORPORATION v. LAMAR SLIDE FASTENER CORPORATION et al.

District Court, S. D. New York.

Sept. 28, 1942.

1020

See, also, 2 F.R.D. 154.

James & Franklin, of New York City, for plaintiff.

Henry L. Burkitt, of New York City, for defendant Silberman.

CONGER, District Judge.

This is a motion for a separate trial of certain issues. The original complaint charges the defendants with having stolen trade secrets and after a number of these secrets were patented, with having infringed on the patent. The defendant, David Silberman, is accused of having performed these acts both as an individual and as an officer of the defendant corporation. The action has been terminated as to the corporate defendant which consented to a decree against it on the question of patent infringement. A supplementary complaint charges the individual defendant with having continued to infringe on the patent and the remaining trade secrets after service of the original complaint. He is also charged in the supplementary complaint with having infringed on a second patent.

The defendant now asks that, with the exception of the question of patent validity, the issues of patent infringement and invasion of trade secrets raised in the original complaint be tried separately before any trial is had on the issue of patent validity and issues raised in the supplemental complaint. If this motion were granted the effect would be that acts performed prior to the service of the original complaint alleged to show that defendant stole certain trade secrets and infringed on patent rights would be tried first, before a trial is had on acts performed after the service of such complaint also alleged for the purpose of showing that defendant stole trade secrets and infringed on patent rights. The very purpose of a supplemental complaint is to enable the plaintiff to plead facts which have accrued since the commencement of the action and which should be litigated with the other matters contained in the original complaint. It is intended to "bring into the record new facts which will enlarge the kind of relief to which the plaintiff is entitled." Southern Pac. Co. v. Conway, 9 Cir., 115 F.2d 746. This purpose would be thwarted if the facts raised in the original complaint were tried separately and a decision rendered before any trial was had of the facts pleaded in the supplemental complaint. The defendant fails to advance any sound reason why the trial of the issues should be separated.

Nor do I believe that the issue of patent infringement should be tried separately before a trial of the issue of patent validity. The usual issues in a patent case should not be separated if it would inconvenience the Court or seriously prejudice the rights of any party. Woburn Degreasing Co. v. Spencer Kellog & Sons, D.C., 37 F.Supp. 311. If, in the case at bar, the issue of patent infringement was a clear cut issue, separate and distinct from the other issues in the case, a separate trial

of that issue might be had for the purpose of determining whether the acts complained of were the acts of the corporation alone for which the individual defendant was not liable. Here, however, the charge against the defendant is based upon a continuous course of conduct starting at a time prior to the formation of the corporation and ending at a time subsequent to the termination of his association with the corporation. The facts are such that the determination of any one issue would not dispose of the entire litigation, nor would it save the time of the court or substantially lighten the burden of the litigants. Accordingly, no useful purpose would be served by a separate trial of any of the issues.

Nothing that I have written above shall be construed in any way to restrict in any degree the Trial Court upon the trial of the action.

Motion denied. Settle order on notice.