**A. BELANGER & SONS, Inc. v. BRISK WATERPROOFING CO., Inc.**

Civ. A. No. 53-85-W.

United States District Court
D. Massachusetts.

April 24, 1953.

Judgment Affirmed Jan. 4, 1954.

See 209 F.2d 169.

Robert B. Russell, Kenway, Jenney, Witter & Hildreth, Boston, Mass., for plaintiff.

Cedric W. Porter, Boston, Mass., Norman N. Holland, George M. Wolfson, New York City, of counsel, for defendant.

WYZANSKI, District Judge.

In this suit for a declaratory judgment and injunction plaintiff moves for summary judgment.

In brief, plaintiff asserts that it is offering for sale a thru-wall waterproofing system, that defendant has told plaintiff and a prospective customer that the system would infringe the Larson patent No. 2,088,754 of which defendant is the exclusive licensee, but that it is so clear that plaintiff's construction could not infringe any valid patent that plaintiff is entitled to have this Court declare its construction uses knowledge in the public domain and to have this Court enjoin defendant from claiming that plaintiff's construction violates that Larson patent. Defendant denies these allegations and contends that plaintiff has unclean hands, and that Larson, who is not joined as a defendant, is an indispensable party.

1. On the affidavits presented there can be no serious controversy that plaintiff is seeking to market its construction, and that defendant is interfering by suggesting to plaintiff and at least one prospective customer that plaintiff's construction will infringe the subsisting Larson patent No. 2,088,754 of which it is exclusive licensee. In Court, moreover, defendant admitted that it regarded plaintiff as an infringer and that defendant had brought suit in this Court against another infringer. On this showing, plaintiff has stated a case of actual controversy within the Declaratory Judgment Act, 28 U.S.C.A. § 2201 et seq. General Electric Co. v. Refrigeration Patents Corp., D.C.W.D. N.Y., 65 F.Supp. 75, 77–78; United States Industrial Chemicals v. Carbide & Carbon Chemicals Corp., D.C.S.D.N. Y., 67 F.Supp. 895, 898. Cf. Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769.

2. Nor under the tests laid down in A. L. Smith Iron Co. v. Dickson, 2 Cir., 141 F.2d 3, 6; Hook v. Hook & Ackerman, Inc., 3 Cir., 187 F.2d 52, and United Lacquer Mfg. Corp. v. Maas & Waldstein Co., D.C.D.N.J., 111 F. Supp. 139, can there be any serious question that plaintiff is entitled to proceed against the exclusive licensee without joining the patentee; for it appears in the instant case not only that defendant is an exclusive licensee, but that it has authority to bring infringement suits, that it pays half the expenses and receives half the recoveries of such suits, and, most important, that defendant itself has not known the whereabouts of the patentee for the last three years. Furthermore, at least so far as concerns the prayer for an injunction, the patentee is plainly not an indispensable party to this controversy, for plaintiff has contended that defendant, by its statements to one of plaintiff's customers, has tortiously interfered with plaintiff's advantageous business relations.

■ 3. Nor has defendant shown anything in the plaintiff's circular, or the puffing with which it has advertised its products, which even remotely suggests plaintiff has unclean hands disentitling it to judicial relief.

■ 4. There remain, however, vigorously expressed differences between the parties as to whether what plaintiff constructs is or is not within the public domain. Conflicting affidavits on this point have been presented, and defendant urges that there is such a dispute of fact that a motion for summary judgment should not be granted. However, after reading the affidavits and the expired Larson patent No. 1,970,326, this Court is persuaded that no evidence heretofore offered, or susceptible of being offered by defendant, could persuade it that plaintiff's construction represents a patentable advance over the knowledge admittedly already in the public domain. There is not that sort of "genuine issue as to any material fact" which, under Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A., precludes a summary judgment. A simple statement of what plaintiff has constructed and offered, and of what is admittedly in the public domain, shows that, regardless of further evidence, plaintiff would be entitled to the judgment and injunction for which it prays.

What plaintiff has constructed as a model, and has offered for sale, is a system for waterproofing brick walls by inserting within the mortar spaces of such brick walls Z-shaped pieces of material, or flashing, to prevent water from leaking through from outside. Plaintiff's wall construction has the usual headers and stretchers of bricks or cinder blocks in each face; and it uses Z-shaped waterproofing elements, of which the horizontal portions occupy portions of the mortar joints between lapped headers, of which the longer vertical parts occupy rear vertical joints, and of which the shorter vertical parts occupy the vertical mortar joints adjacent to the face of the wall.

■ This construction could not constitute an infringement of any valid patent because this construction practices a branch of knowledge which is clearly in the public domain, as is shown by inspection of an *expired* patent, No. 1,970,326, relating to brick wall and waterproofing means therefor, issued August 14, 1934, to defendant's licensor, Larson. This expired patent taught the substance of the construction plaintiff now practices. Larson in the expired patent recognized that water will pass through the porous bricks and the seams present in the mortar of brick walls, composed of brick and mortar in the usual way. To prevent leakage, Larson contemplated an impervious waterproofing material which should occupy certain parts of the mortar joint spaces. Claim 24 of this expired patent covered:

"A brick wall having header and stretcher courses in each face thereof with the header courses lapped transversely, there being horizontal mortar joints between the courses of brick and vertical mortar joints between opposite stretcher courses and between opposite header and stretcher courses, and Z-shaped waterproofing elements each having a horizontal intermediate part which occupies a portion of the mortar joint space where the header courses are lapped, and vertical parts one of which is longer than the other and occupies a portion of the vertical mortar joint space extending to an adjacent corresponding header course and crossing the horizontal mortar joints between the stretcher courses to prevent passage of water across said vertical mortar joint, the other shorter part occupying a portion of the other vertical mortar joint space and extending across one horizontal mortar joint space to prevent the passage of water through the horizontal mortar joint not crossed by the longer vertical part of the adjacent waterproofing element."

Claim 26 covered:

"A brick wall as claimed in claim 24, wherein the longer vertical part of the

waterproofing element is in the vertical mortar space adjacent the innermost stretcher bricks."

In short, by the time this first Larson patent expired in 1951, if not long before, there was in the public domain the knowledge that a brick and mortar wall could be waterproofed by inserting a Z-shaped waterproofing element in certain mortar joint spaces.

No doubt there are differences between the places or mortar spaces where plaintiff inserts the Z-shaped protective waterproofing and the spaces shown in the expired patent. But these differences are minor variations that as a matter of law could not, despite the facts stated by the experts in their affidavits, amount to patentable invention. They are the sort of advances or modifications which anyone with the slightest skill in the art could have made.

5. In disposing of this case on the ground that plaintiff's construction is within the public domain, and that defendant must therefore be unsound in having claimed that the construction infringes its patent No. 2,088,754, this Court is aware that it has proceeded in a back-handed manner. Moreover, this Court is aware that its opinion will be read as suggesting, without resolving, a doubt whether defendant's patent No. 2,088,754 (which the opinion does not even discuss) could be valid in the light of expired patent No. 1,970,326.

■ To some purists this may seem a departure from suitable standards of procedure in patent cases. Would it not have been more logical, fairer to defendant, and more consistent with the public interest in preserving business enterprise from being stifled by invalid or excessive patent claims, Cf. Sinclair & Carroll Co. v. Interchemical Corp., 325 U.S. 327, 330, 65 S.Ct. 1143, 89 L.Ed. 1644, for this Court to insist that the parties first present to it for decision the issues of the scope and validity of patent No. 2,088,754, in the expectation that the controversy could be settled by a determination of such issues without reaching the issue of infringement? To this, the answer is that defendant's claim is a serious impediment to plaintiff's business; that plaintiff believes, and with reason, that it is far more economical and expeditious for it to remove that impediment by showing non-infringement rather than by attacking the scope or validity of defendant's patent; and that to prevent plaintiff from following this less onerous course would give an undeserved tactical advantage to a defendant whose claim seems to this Court plainly wrong. To put the same thought in other words, the usual procedure should not be followed because it would strongly buttress in the market place, though not in court, defendant's monopolistic claim which, to say the least, was made on a broader basis than the patent law warranted. If authority is needed for the conclusion that a patent case may be decided by considering only the issue of infringement and not passing on the issue of validity it can be found, for example, in Hale v. General Motors Corp., 1 Cir., 147 F.2d 383; Grant Paper Box v. Russell Box Co., 1 Cir., 151 F.2d 886, 890.

Motion for summary judgment granted.