**FOSTER GRANT CO., Inc., Plaintiff,**

v.

**POLYMER CORPORATION and Polymer Processes, Inc., Defendants.**

**Civ. A. No. 27743.**

United States District Court
E. D. Pennsylvania.
July 26, 1960.

# 620

Max R. Millman, Philadelphia, Pa., Milton Pollack, New York City, of counsel, for plaintiff.

William P. Cole, Philadelphia, Pa., for defendants.

CLARY, District Judge.

The motion of the defendants, The Polymer Corporation and Polymer Processes, Inc., to dismiss, Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., or for summary judgment in this action, Rule 56 of the Federal Rules of Civil Procedure, which seeks a declaratory judgment as to the invalidity or noninfringement of a number of patents owned by the defendant corporations, presents the often recurring problem of whether the defendants by any or all of their actions have *in effect* charged the plaintiff with infringement of their patents, so as to create a justiciable controversy within the Declaratory Judgment Act, Title 28 U.S.C. § 2201 et seq. The defendants have obtained a number of patents which relate to a process for the manufacture .of elongated shapes, made from nylon, in the nature of rods,

bars, tubes, etc. The plaintiff, Foster Grant Co., is primarily engaged in the manufacture of nylon molding powder, although it also manufactures some shapes (apparently for experimental purposes). The defendants' businesses include the manufacture of elongated nylon shapes as well as the licensing of other manufacturers to use their patented processes for making such shapes upon the payment of royalty fees.

The complaint avers that the plaintiff in connection with the sale of its nylon powder has become the exclusive licensee in. the United States of a European process for the manufacture of elongated nylon shapes. This process had been developed by the Dansk Thermoplastik Company of Copenhagen, Denmark, and was known as the "Dansk processes".

The plaintiff further alleges that as a result of its licensing the Dansk processes the defendants charged it with infringement of their patents and for this reason it asks for a declaratory judgment as to the invalidity of the defendants' patents and/or a decree of noninfringement thereof. The defendants vigorously deny that such a charge of infringement was ever made.

By and large, the plaintiff bases its contention that the defendants charged it with infringement upon a series of letters sent to the plaintiff and to Cadillac Plastic and Chemical Co. (hereinafter referred to as "Cadillac"), a customer of the plaintiff. Much could be said concerning the content of these letters, their import, as well as those inferences which might reasonably be drawn from them. Suffice it to say that we think they constitute a threat to the plaintiff's continued licensing of the Dansk processes and for this reason create an actual controversy within the terms of the Declaratory Judgment Act. See Simmonds Aerocessories v. Elastic Stop Nut Corp., 3 Cir., 1958, 257 F.2d 485; Federal Telephone & Radio Corp. v. Associated Telephone & Telegraph Co., 3 Cir., 1948, 169 F.2d 1012; Dewey & Almy Chemical Co. v. American Anode,·

■ 621

3 Cir., 1943, 137 F.2d 68; Treemond Co. v. Schering Corp., 3 Cir., 1941, 122 F.2d 702; E. W. Bliss Company v. Cold Metal Products Co., D.C.N.D.Ohio 1955, 137 F.Supp. 676.

■ The cases referred to review at length the factors necessary to constitute a claim of infringement thereby creating a justiciable controversy between the parties. Each of the cases, of course, turns on its own peculiar and distinguishable facts. Nothing could be gained by repeating what was said therein. However, the Court of Appeals for the Third Circuit has uniformly held that the Act is entitled to a broad liberal interpretation and under such an interpretation it appears beyond a doubt that we have jurisdiction to entertain a declaratory judgment action here.

■ While this Court recognizes that generally it is the better practice and more in the public interest to resolve the issue of validity of a patent, as well as the issue of infringement, rather than leave the patent remain as a "scarecrow in the art", this is not an absolute rule. There are undoubtedly situations in which it is appropriate to withhold a finding as to the validity of a patent where non-infringement is established. See Belanger & Sons v. Brisk Waterproofing Co., D.C.D.Mass.1954, 116 F.Supp. 127, and cases therein cited. We think the present case may well present such a situation.

As part of its argument that a justiciable controversy exists here, plaintiff pointed to the institution of a suit by Polymer Processes, Inc. against Cadillac (one of plaintiff's customers), in the United States District Court for the Eastern District of Michigan, Southern Division, Civil Action No. 19874. Upon application by Polymer Processes, Inc., and order of the Court thereon, an inspection of Foster Grant's licensee's plant was held on April 21, 1960, as a result of which the said plaintiff (a defendant here) filed of record a statement of limitation of issues in that case which states that it did not assert that either

the machine being used on the date of the inspection to produce rectangular slab nylon or the process performed on said date by said machine constitute infringement of any patent of plaintiff or its associated companies. Taking all of the facts of this case into consideration it would appear that in the interest of justice to both sides and in order to assure a speedy disposition of the case, the question of infringement should first be determined, which determination may make unnecessary any consideration by this Court of the validity of the defendants' patents vis-a-vis the Dansk processes.

An order will, therefore, be entered denying defendants' motion to dismiss and limiting the trial issue in the first instance to a determination of infringement of defendants' patents.