Le Roy F. McFARLANE and Coilform Company, Plaintiffs,

v.

RESINITE CORPORATION and Precision Paper Tube Company, Defendants.

No. 67 C 230.

United States District Court
N. D. Illinois, E. D.

May 12, 1967.

Thomas Reynolds, Winston, Strawn, Smith & Patterson, Chicago, Ill., for plaintiff. William Hall, George Vande Sande, Washington, D. C., of counsel.

Jerome Fallon, John Chestnut, Dawson, Tilton, Fallon, Lungmus & Alexander, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Defendants' Motion for Separate Trial on Count I.

This action arises out of a patent controversy between competing manufacturers of coilforms. Plaintiff McFarlane who had filed his patent application on November 13, 1961, was granted U.S. Patent No. 3,105,948, consisting of eight claims, on October 1, 1963, for a COIL-FORM. Plaintiff Coilform Company is owned by McFarlane and his family and manufactures coilforms under the McFarlane patent.

Hugh T. Blair, filed an application for his patent, Serial No. 126,431, entitled "ELECTRICAL ELEMENT AND METHOD" on July 12, 1961. He later assigned the application to defendant Resinite Corporation, which is wholly owned by defendant Precision Paper Tube Company.

During the pendency of his application, and after the issuance of McFarlane's patent, Blair requested a declaration of interference as to Claims 1 and 6 of McFarlane's patent. The Commissioner of Patents declared an interference in No. 94,105, entitled McFarlane v. Blair. The interference was prosecuted to a final hearing, both sides presenting testimony, and the Patent Board of Interference awarded priority to Blair on December 22, 1966.

Count I of this action is brought under 35 U.S.C. Sec. 146[1], to challenge the decision of the Board of Patent Interference. Count II, which is based upon 35 U.S.C., Sec. 271, charges defendants with infringing claims 1, 2, and 6 of McFarlane's patent, and perhaps several other claims of that patent as well. Finally Count III charges defendants with un-

[1]. The section provides, in pertinent part:
"Any party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority, may have remedy by civil action, if commenced * * * (within the required time)"

fair competition in connection with the manufacture and sale of their product.

Defendants now have moved, pursuant to Federal Rule 42(b), for a separate trial on Count I. Rule 42(b) provides:

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."

Although claims 2, 3, 4, 5, 7 and 8 of the McFarlane Patent are apparently dependent claims, while claims 1 and 6 are independent, if this court were to uphold the decision of the Board of Patent Interference, some controversy would still remain in Counts II and III, as to the dependent claims, since Count I concerns only claims 1 and 6. Thus defendants are not accurate when they assert that Counts II and III would be rendered moot if we upheld the Board. This is because it is not our function at this juncture, to judge whether the dependent claims would be unobvious over the prior art.

Nevertheless, we believe that considerations of convenience and expedition dictate a severance of Count I from the other counts for trial.

It is clear that claims 1 and 6 are the major claims of the McFarlane patent, even though the other claims are involved in Counts II and III. Thus it seems prudent to decide the issue of priority before considering the issues of infringement and unfair competition. For if we reverse the Board's decision, and simultaneously consider Counts II and III, we would have to retry the latter counts as to claims 1 and 6, or otherwise hypothesize in considering Counts II and III, that Count I, relating to claims 1 and 6, would be decided favorably to plaintiffs.

In addition, Count I could likely be ready for trial much sooner than the other issues, in view of the probable extensive discovery necessary to prepare the latter for trial. On the other hand, the record before the Patent Office is already on file herein and it is anticipated that little additional evidence need be introduced on the interference issue. Even if, as plaintiffs claim, discovery on Counts II and III can be completed by the time Count I is ready for trial, a simultaneous trial would have the wasteful effect of either compelling a second trial on Counts II and III as to claims 1 and 6, or if only a single trial is utilized, hypothesizing the Count I would be decided in favor of plaintiffs. Such a clumsy procedure is unorthodox at best, and is not recommended, especially when Rule 42(b) is available to simplify the litigation.

In other patent or copyright situations, some courts have granted separate trials where the initial one would decide a threshold issue basic to the second trial. E. g. Richmond v. Weiner, 353 F.2d 41 (9th Cir. 1965) (separate trial on issue of sufficiency of plaintiff's title to maintain copyright action); Accord: Doherty Research Co. v. Vickers Petroleum Co., 80 F.2d 809 (10th Cir. 1936); Woburn Degreasing Co. of New Jersey v. Spencer Kellogg & Sons, 37 F.Supp. 311 (W.D. N.Y.1941) (separate trial on issue of validity prior to trial on issue of infringement); Accord: Foster Grant Co. v. Polymer Corp., 185 F.Supp. 619 (E.D. Pa.1960); cf. Western States Machinery Co. v. S. S. Hepworth Co., 2 F.R.D. 145 (E.D.N.Y.1941).

In addition, the facts which will constitute evidence as to Counts I, II and III differ. Count I concerns whether McFarlane reduced his invention to practice in 1954. Count II concerns infringement after October 1, 1963, the date the McFarlane Patent issued. Count III relates to the separate factual issue of unfair competition. The three counts, therefore, require separate factual

foundations. The issues being separate, it is proper in this case, to grant a separate trial as to Count I, and we will do so. See 5 Moore, Federal Practice, Par. 42.03, p. 1217.

It is so ordered.