**TRIMBLE PRODUCTS INCORPO-RATED, Appellant,**

v.

**W. T. GRANT COMPANY, and Sears Roebuck & Co., Appellees.**

**No. 131, Docket 32543.**

United States Court of Appeals Second Circuit.

Argued Oct. 29, 1968.

Decided Oct. 31, 1968.

Granville M. Pine, New York City (Robert E. Paulson, New York City, Morgan, Finnegan, Durham & Pine, New York City, on the brief), for appellant.

I. Walton Bader, New York City (Maximilian Bader, Bader & Bader, New York City, on the brief), for appellees.

Before LUMBARD, Chief Judge and KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

Trimble Products Incorporated brought this action seeking an injunction and damages for the alleged infringement by defendants Sears Roebuck & Company and W. T. Grant Company of its utility patent No. 2,908,021 and design patent No. 186,358, both of which relate to playpens for children. After a trial on the merits, Judge Motley found that the playpens sold by the defendants infringed upon Trimble's patents, but held that although they were new and useful the patents were invalid because obvious from the prior art; additionally she held that the design patent was invalid because not ornamental. We believe Judge Motley was correct in finding the patents invalid for obviousness, and accordingly, we affirm.

The Supreme Court explained in Graham v. John Deere Co., 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) the purpose of 35 U.S.C. § 103 [1] was to codify the judicially established principle first announced in Hotchkiss v. Greenwood, 11 How. 248, 267, 13 L.Ed. 683 (1851) that an invention is not patentable if "the improvement is the work of a skillful mechanic, not that of an inventor."

The playpen which is the subject of the patents here in question may be described as follows. It has an upper rectangular shaped frame composed of two U-shaped parts; two sets of A-shaped legs on opposite sides which pivot from the ends of the U-shaped frames upon which it stands, four supporting collapsible braces one of which pivots from each leg to the U-frame, a two part hinged floor, and sides of netted mesh. Trimble claims as the major advantages of its playpen that either side of the top frame may be dropped independently of the other by merely collapsing the braces for one of the U-frames, that the entire playpen is easily collapsed by "breaking" those braces and pulling up the hand-hold on its floor, that the fabric netting provides a soft and safe enclosure for an infant, and that the entire structure is light-weight and easily portable.

Upon examination of the prior art references considered by the district court, we agree that the improvements made by Trimble's playpen over those that preceded it did not rise to the level of a patentable invention. The district court relied primarily on references to the Gabriel patent of September 19, 1922, No. 1,429,335; the Neal patent of May 29, 1894, No. 520,699; the Kolb patent of November 2, 1915, No. 1,158,-507, and the Needham patent (Great Britain) of 1892.[2] A detailed description of each of these references is unnecessary since they were discussed at length in Judge Motley's opinion, 283 F.Supp. 707 (1968). It suffices here to observe that the Neal, Kolb and Needham patents all covered cribs which collapsed when their X-frame legs were brought together in a vertical position. Also, each had a hinged floor and some form of netted siding, and the Kolb crib

---

1. That section provides: "A patent may not be obtained * * *, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains."

2. Assuming *arguendo* the correctness of Trimble's objection to the lower court's use of the December 1967 issue of the magazine Small World as a prior art reference, we shall exclude that reference from our consideration of the prior art.

had U-shaped upper frame parts which pivoted when it was collapsed.

The significant difference which Trimble claims distinguished its playpen from these earlier structures is that the latter uses an A-frame rather than an X-frame, which has the advantage of allowing the upper frame parts to fold independently of the legs, and independently of each other. This innovation required the use of no mechanical devices not fully within the knowledge of a mechanic or other person having ordinary skill in the art to which the subject matter pertained. Moreover, it did not, as Trimble urges, require the combination of elements in any very unique fashion; the substitution of an A-frame for an X-frame does not appear to be outside the competence of one possessing ordinary skill in the construction of playpens. Accordingly, we agree with the district court that, given the state of the prior art, these patents are invalid for obviousness.[3]

Affirmed.

---

3. Since we hold both patents invalid on this ground, we find it unnecessary to consider Judge Motley's additional determination that the design patent is invalid because not ornamental.