**WESTERN GEOPHYSICAL COMPANY OF AMERICA, Inc., Plaintiff,**

v.

**BOLT ASSOCIATES, INC., Defendant & Third Party Plaintiff,**

v.

**LITTON INDUSTRIES, INC., Third Party Defendant.**

**Civ. No. 11868.**

United States District Court,
D. Connecticut.

Feb. 20, 1970.

See also D.C., 305 F.Supp. 1248; 305 F.Supp. 1251.

William J. Doyle, Wiggin & Dana, New Haven, Conn., for plaintiff and third-party defendant.

Roland T. Bryan, Robertson, Bryan, Parmelee & Johnson, Stamford, Conn., for defendant and third-party plaintiff.

RULING ON PLAINTIFF AND THIRD-PARTY DEFENDANT'S MOTION FOR A SEPARATE TRIAL

BLUMENFELD, District Judge.

This case began over two and one half years ago as a breach of contract action by Western against Bolt. See 285 F.Supp. 815 (D.Conn.1968). Bolt answered with a general denial, several common law defenses, three antitrust defenses, and three counterclaims.

One of Bolt's counterclaims, the fifth, alleges that Western has infringed Bolt's patent on the PAR device which was involved in the contracts at issue in this suit. To that counterclaim, plaintiff responded with a denial and asserted as defenses patent invalidity, performance pursuant to license agreements, and pari delicto. Western now moves for an order pursuant to Rule 42(b), Fed.R.Civ.P., for a separate and later trial of Bolt's fifth counterclaim and Western's corresponding answers and defenses. Bolt opposes the motion. For the reasons set out below, I find this an appropriate oc-

casion for ordering a separate and later trial of the patent issues raised by Bolt's fifth counterclaim.

Rule 42(b) directs the court to considerations of convenience, avoidance of prejudice, expedition, and economy in determining the desirability of a separate trial. Bolt's claim of patent infringement and Western's responsive allegation of patent invalidity raise complex factual and legal questions the resolution of which is not necessary for the disposition of the basic claim of breach of contract or the antitrust counterclaims. Resolution of the contract claims may render resolution of the patent issues unnecessary. *Cf.* Woburn Degreasing Co. v. Spencer Kellogg & Sons, 37 F.Supp. 311, 312 (W.D.N.Y.1941). Moreover, defendant has not shown, nor do I perceive, any prejudice to it which might result from separate trials. *Cf.* Moore, Federal Practice § 42.03. Under similar circumstances courts and commentators have recognized the desirability of separate trials. *See, e. g.,* Reines Distrib., Inc. v. Admiral Corp., 257 F. Supp. 619 (S.D.N.Y.1965); Fischer & Porter Co. v. Sheffield Corp., 31 F.R.D. 534 (D.Del.1962); Air King Prods. Co. v. Hazeltine Research, Inc., 10 F.R.D. 381 (E.D.N.Y.1950); *Woburn, supra.*

Bolt argues that the patent issues are "hopelessly intertwined" with the contract and antitrust issues. Citing Brulotte v. Thys Co., 379 U.S. 29, 85 S.Ct. 176, 13 L.Ed.2d 99 (1964), it argues somewhat expansively that efforts to license patents known to be invalid constitute antitrust violations. But this raises the additional and different factual issue of whether Western knew it was invalid when and if they licensed others. A substantial duplication of proof is very remote.

Bolt also refers to Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969), for the proposition that the contractual provisions of a patent license are a nullity if the underlying patent is invalid. While this might indicate a possible defense for Western to the breach of contract counterclaim pleaded by Bolt, it is far from clear that Lear, Inc. v. Adkins cuts both ways so as to also benefit the licensor. In any event, the proof as distinguished from legal theories relevant to the contract issues now in the case and that relevant to the patent issues raised by the fifth counterclaim does not so overlap both issues that separate trials would result in any inconvenience, prejudice or delay.[1]

The contention that examination of the prior art relevant to patent validity will be so relevant to consideration of the sophistication of potential licensees as to require duplication of proof is not persuasive. "Prior art" is a legal term of art. What potential licensees may have regarded as a sufficient advance in the art to justify paying royalties is something different.

Western is entitled under Fed.R.Civ.P. 42(b) to a separate and later trial of the patent issues. It is my view that an initial trial devoted to the contract and antitrust issues will expedite the progress of this litigation, already of advanced age, and result in a savings of time for the parties, counsel and the court.

The motion is granted.

---

1. Furthermore, Western has committed itself to a position foregoing the possible invalidity of the patent as a defense to the defendant's antitrust counterclaims. Brief of Plaintiff at 2, footnote. To emphasize this position stated in the brief counsel for plaintiff said in oral argument he would be willing to withdraw his defense of patent invalidity if defendant withdrew its infringement counterclaim. This reinforces the basis for ordering separate trials.