**FILTROL CORPORATION and Texaco, Inc., Petitioners,**

v.

**The Honorable Robert J. KELLEHER, United States District Judge, Respondent.**

No. 72–1643.

United States Court of Appeals, Ninth Circuit.

Sept. 21, 1972.
Certiorari Denied Jan. 8, 1973.
See 93 S.Ct. 914.

---

William K. Kerr (argued), of Fish & Neave, New York City, John G. Flett, of Thelen, Marrin, Johnson & Bridges, Los Angeles, Cal., Robert Pringle, San Francisco, Cal., for petitioners.

George B. Finnegan, Jr. (argued), John A. Diaz, George P. Hoare, Jr., J. Robert Dailey, of Morgan, Finnegan, Durham & Pine, New York City, Orville A. Armstrong, of Armstrong & Lloyd, Los Angeles, Cal., for real party in interest.

Before DUNIWAY, GOODWIN and WALLACE, Circuit Judges.

DUNIWAY, Circuit Judge:

Filtrol Corporation and Texaco, Inc., defendants in a patent infringement action brought by Mobil Oil Corporation in the district court for the Central District of California, petition this court for a writ of mandamus directing the district judge (1) to vacate his order denying a stay of the proceedings pending the outcome of similar litigation in the district court for the District of Connecticut and granting Mobil's motion for a separate trial limited solely to the issue of patent infringement and (2) to enter an order staying proceedings in the California action until a decision has been rendered on the merits in the Connecticut case. Because we find the judge's order to have been a lawful exercise of his considerable discretion in these matters, we deny the petition.

## FACTS

Mobil Oil Corporation filed two separate actions (which were later consolidated) in the District Court for the Central District of California in 1964 and 1966, alleging infringement by Filtrol and Texaco of three patents held by Mobil. Mobil filed a similar suit, involving the same patents, against W. R. Grace & Co. in the district court in Texas; that action was later transferred to the District of Connecticut, where it was tried beginning on November 16, 1971, as to two of the three patents (the third patent having been withdrawn with prejudice from the suit). No decision has yet been rendered by the district court in Connecticut.

On February 11, 1972, Filtrol and Texaco asked the district court in the California action to stay all proceedings pending the outcome of the Connecticut action, arguing that a decision there that Mobil's patents are invalid would be binding in the California case under the

doctrine of Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 1971, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788, and that thus the necessity of any trial in the California case might be eliminated. The court denied the stay and instead ordered an immediate trial limited to the issue of infringement, awaiting the Connecticut court's determination of the validity issue. Petitioners asked the judge to certify an appeal of his order under 28 U.S.C. § 1292(b), but that request was denied. This petition for a writ of mandamus followed.

AVAILABILITY OF MANDAMUS.

■■ Although writs of mandamus are among "the most potent weapons in the judicial arsenal" and therefore should be sparingly used only in extraordinary circumstances amounting to a "judicial usurpation of power," Will v. United States, 1967, 389 U.S. 90, 95, 107, 88 S.Ct. 269, 19 L.Ed.2d 305, the writ is available to correct a district judge's abuse of discretion. La Buy v. Howes Leather Co., 1957, 352 U.S. 249, 256–257, 77 S.Ct. 309, 1 L.Ed.2d 290; CMAX, Inc. v. Hall, 9 Cir., 1962, 300 F. 2d 265, 268; Chronicle Publishing Co. v. National Broadcasting Co., 9 Cir., 1961, 294 F.2d 744, 746–747. Thus the only question we need decide is whether the judge abused his discretion.

1. *Denial of the stay.*

■ The district court has the power to issue the stay requested by petitioners. As this court has held,

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. See Landis v. North American Co., 1936, 299 U.S. 248, 254–255, 57 S.Ct. 163, 81 L.Ed. 153." CMAX, Inc. v. Hall, supra, 300 F.2d at 268.

The propriety of a grant or denial of such a stay may be tested in the Court of Appeals by way of mandamus. *Id.* ACF Industries, Inc. v. Guinn, 5 Cir., 1967, 384 F.2d 15, 18.

■ Trial courts in patent infringement actions have often stayed proceedings in those actions until a pending administrative interference proceeding resolves the priority of various claimants to the invention in question. Childers Foods, Inc. v. Rockingham Poultry Marketing Co-op., W.D.Va., 1962, 203 F. Supp. 794; Research Corp. v. Radio Corporation of America, D.Del. 1960, 181 F.Supp. 709. If the decision in the interference proceeding were to go against the party claiming the patent in the court action, then there would be no necessity for a trial, since that party would no longer be the holder of an arguably valid patent. An erroneous refusal to grant a stay pending the outcome of an interference proceeding, which amounts to a clear abuse of the district judge's discretion, will be corrected by the Court of Appeals through a writ of mandamus. ACF Industries, Inc. v. Guinn, *supra.*

Petitioner argues that this judicial policy of staying court proceedings pending the outcome of an administrative patent proceeding should be extended to require a stay when there is a pending court action in another district which will determine the issue of validity of the patent. The argument is based upon the Supreme Court's holding in *Blonder-Tongue, supra,* that a defendant

in a patent infringement suit may rely on the affirmative defense of collateral estoppel to prevent the plaintiff from asserting the validity of a patent which has been found invalid by another federal court. In the context of this case, petitioner argues that because a finding of the invalidity of Mobil's patents by the court in Connecticut would destroy the basis for Mobil's claims in the California suit, the judge should have issued a stay and awaited the outcome of the Connecticut suit.

The question before us is not whether we think that the judge should or should not have granted the stay, but whether his refusal to do so was an abuse of discretion. After carefully reviewing the record, we cannot say that the denial of the stay amounted to such an abuse. *Blonder-Tongue* does not require that a district court with a justiciable controversy before it await the outcome of a pending action in another district. *See* Patentex, Inc. v. Manhattan Hosiery Corp., D.P.R., 1971, 171 U.S.P.Q. 693. *Blonder-Tongue* only permits the defense of collateral estoppel to be raised once the issue of patent validity has already been *decided* in another court against the party claiming the patent; that has not occurred here.

Moreover, the pendency of the Connecticut action does not guarantee that the validity issue will not ultimately have to be tried in the California action. This is because *Blonder-Tongue* will apply only if the issue of validity is decided against Mobil in the Connecticut case. If the patents are held valid in that case, petitioners could retry the issue in the California case. Also, if the patents are held invalid in the Connecticut case, Mobil could still attempt to show, in the California case, that it "did not have 'a fair opportunity procedurally, substantively and evidentially to pursue [its] claim the first time' " in the Connecticut case. *Blonder-Tongue, supra,* 402 U.S. at 333, 91 S.Ct. at 1445.

Nevertheless, in an effort to conserve judicial resources and avoid unnecessary duplication, the judge postponed consideration of the validity question under submission to the court in Connecticut on the ground that a decision in that court against Mobil would provide petitioners with a defense to this section.

■ However, with full recognition of the effect of *Blonder-Tongue* and the other competing considerations, the judge also decided that granting a stay of all proceedings would not promote "economy of time and effort for [the court], for counsel, and for litigants." Landis v. North American Co., 1936, 299 U.S. 248, 254–255, 57 S.Ct. 163, 166, 81 L.Ed. 153. Rather, that end would best be served by proceeding with a trial on the issue of infringement alone. He had before him a record which detailed seven years of delay, during which petitioners continued to reap the benefits of their alleged infringement of Mobil's claimed patents, which brought into question the financial ability of petitioner Filtrol to respond in damages to a possible award in favor of Mobil, and which revealed other relevant considerations. While we express no opinion on whether the judge's order was in fact the optimal balance of the various competing factors, we find that in the circumstances of this case, his refusal to stay all proceedings pending the outcome of litigation in the Connecticut court was not such an unreasonable exercise of judgment as to be an abuse of discretion.

2. *Separate trial on infringement issue.*

Pursuant to Rule 42(b), F.R.Civ.P., the judge ordered a separate trial on the issue of infringement alone, leaving for later determination in light of the outcome of the Connecticut action the validity issue. To effect the purposes of Rule 42(b), the trial court must, of course, be given considerable discretion in determining what is "in furtherance of convenience or [will] avoid prejudice" or what "will be conducive to expedition and economy." Rule 42(b); Rossano v. Blue Plate Foods, Inc., 5 Cir., 1963, 314 F.2d 174, 176, cert. denied, 375

U.S. 866, 84 S.Ct. 139, 11 L.Ed.2d 93. In exercising that discretion, courts have ordered separate trials for various issues in patent infringement actions,[1] including instances in which the issue of validity was separated from the issue of infringement.[2] In Woburn DeGreasing Co. of N.J. v. Spencer Kellogg & Sons, W.D.N.Y., 1941, 37 F.Supp. 311, the court ordered a separate trial on the issue of validity of the patent. "Within its sound discretion the court has a right to order separate trials in issues of validity and infringement in patent suits. Sound discretion must be based on consideration of convenience and prejudice as respects the several parties." 37 F.Supp. at 312. *Woburn* has been cited with approval in a number of subsequent decisions; *see, e. g.*, Reines Distributors, Inc. v. Admiral Corp., S. D.N.Y., 1965, 257 F.Supp. 619, 621.

In Foster Grant Co., Inc. v. Polymer Corp., E.D.Pa., 1960, 185 F.Supp. 619, the court limited the trial initially to the question of infringement: "While this Court recognizes that generally it is the better practice and more in the public interest to resolve the issue of validity of a patent, as well as the issue of infringement, rather than leave the patent remain as a 'scarecrow in the art', this is not an absolute rule. There are undoubtedly situations in which it is appropriate to withhold a finding as to the validity of a patent where non-infringement is established. See Belanger & Sons v. Brisk Waterproofing Co., D.C. D.Mass., 1954, 116 F.Supp. 127, and cases therein cited. We think the present

case may well present such a situation." 185 F.Supp. at 621.

Likewise, in this action, a finding by the court of noninfringement would end the matter, the court could dispose of the case without having to await the outcome of the Connecticut action. Moreover, the issue of validity has already been tried in another case. Thus there is here little danger that the patents, if invalid will remain as "scarecrows in the art."

■ Petitioners argue, however, that if infringement is found, no final judgment can be entered until the question of validity is determined. From this, they reason that a separate trial on the infringement issue alone is unconstitutional as lacking a genuine controversy. The contention is without merit: nothing in the Constitution requires that all issues necessary to the final disposition of a "case or controversy" be heard and determined at a single sitting. We agree with the Fifth Circuit in Rossano v. Blue Plate Foods, Inc., *supra*, 314 F. 2d at 176:

"The validity of the trial Court's call for limited trial is not dependent, of course, on the actual conclusion of the entire case on that single issue. In limiting the proof to one matter, there is never a requirement that the Court's recognition of serious issues before trial be ultimately resolved after such trial in favor of the party who first suggested the existence of the issue. It is enough that there be on the record at the time a substantial issue

---

1. *See generally* Cataphote Corp. v. DeSoto Chemical Coatings, Inc., 9 Cir., 1966, 356 F.2d 24, 27 n. 5, cert. denied, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67 (patent invalidity because of public use or sale more than one year prior to the application) ; Laitram Corp. v. Deepsouth Packing Co., E.D.La., 1968, 279 F.Supp. 883 (issue of estoppel) ; McFarlane v. Resinite Corp., N.D.Ill., 1967, 273 F.Supp. 224 (issue of correctness of decision of Board of Patent Interference) ; Aldridge v. General Motors Corp., S.D.Cal., 1959, 178 F.Supp. 839 (defense of file wrapper estoppel) ; Air King

Products Co., Inc. v. Hazeltine Research Inc., E.D.N.Y., 1950, 10 F.R.D. 381 (issue of validity and enforceability of patent licensing agreement). *Cf.* Richmond v. Weiner, 9 Cir., 1965, 353 F.2d 41, 44–45 (issue of sufficiency of plaintiff's title to maintain a copyright action).

2. Likewise courts have refused on occasion to order separate trials on the issues of patent infringement and validity. Conmar Products Corp. v. Lamar Slide Fastener Corp., S.D.N.Y., 1942, 50 F. Supp. 1019.

of fact which, if determined in favor of defendant, will eliminate expense for all concerned without prejudicing the rights of the parties."

■ We cannot label as clear error or an abuse of discretion the judge's conclusion that this is a case in which a separate trial of one issue is appropriate, by considering convenience, economy, and expediency. Certainly his decision is not constitutionally infirm.

The petition is denied. The stay heretofore ordered by this court is dissolved.