**ELECTRONIC ASSISTANCE CORPORATION, Plaintiff,**

v.

**CITY OF NEW YORK et al., Defendants.**

**No. 71 Civ. 3781.**

United States District Court, S. D. New York.

Aug. 31, 1973.

Wyatt, Gerber & Shoup, New York City, for plaintiff.

Norman Redlich, Corp. Counsel, City of New York, for defendants City of New York and New York City Off-Track Betting Corp.

Shea, Gould, Climenko & Kramer, New York City, for defendant Computer Sciences Corp.

Rogers, Hoge & Hills, New York City, for defendant Control Data Corp.

James & Franklin, New York City, for defendant American Totalisator Co., Inc.

## MEMORANDUM

BAUMAN, District Judge.

Plaintiff is the holder of a patent covering the use of electronic data processing systems in off track betting. It alleges that New York City, its Off-Track Betting Corporation (OTB) and various companies providing the OTB operation with computerized data processing systems are infringing upon its patent.

Jurisdiction is asserted pursuant to 28 U.S.C. § 1338. Each of the defendant computer companies is charged with infringement by reason of the particular system it has provided OTB. OTB and New York City are claimed to have infringed plaintiff's patent by creating a design for such electronic data processing as well as for using the systems supplied by the other defendants.

■ Before the court is a motion by defendant Computer Sciences Corporation (CSC), in which the City and OTB have joined, as have Control Data Corporation (CDC) and American Totalisator Company (ATC) with certain reservations, for bifurcation of the trial pursuant to Rule 42(b) of the Federal Civil Rules. Defendants seek a separate trial of the issue of the validity of plaintiff's patent to be followed, if necessary, by a trial on the question of infringement. They also move to limit discovery to validity until that issue is determined at trial. For the reasons that follow, CSC's motion is denied.

As defendants recognize, such a motion is addressed to the sound discretion of the district court. They advance several arguments in support of their position but, I think it fair to say, rely principally on the seminal case of Woburn DeGreasing Co. v. Spencer Kellogg & Sons, 37 F.Supp. 311 (W.D.N.Y.1941).[1] There the defendants contended that the patent sued on was invalid because the same invention had been patented in Germany on an application filed more than twelve months before the filing in the United States.[2] That court noted that a decision under Rule 42(b) "must be based on considerations of convenience and prejudice as respects the several parties." The defendants vigorously assert that such considerations compel a favorable decision here.

1. See also Pickering v. Holman, 459 F.2d 403 (9th Cir. 1972); Filtrol Corporation v. Kelleher, 467 F.2d 242 (9th Cir. 1972); Electronic Memories & Magnetics Corporation v. Control Data Corporation, 71 C 497 (N.D.Ill., 1973).

2. 35 U.S.C. § 32, then in effect, provided that a United States patent would be invalid if an application for the same patent had been filed in a foreign country more than twelve months prior to the filing of the application in the United States.

They argue that validity is the only issue common to all defendants; that each of their systems is completely unique; and that this court will, in effect, be presented with four separate infringement trials which might be obviated by a determination of invalidity after a single trial on that question. They also point out that plaintiff and defendants CDC, CSC, and ATC are all in the data processing industry and are direct competitors in the development of electronic data processing systems for off track betting. Extensive discovery on the issue of infringement, the argument continues, might involve disclosure of trade secrets developed "at the cost of thousands of man hours and millions of dollars."[3] Such danger could be removed, they urge, if discovery were limited to the single issue of validity.

Although these arguments are not wholly lacking in merit, they cannot prevail against what I perceive to be the established practice in this circuit of joining the issues of validity and infringement for consideration in a single trial. Although we have no square holding by the Court of Appeals mandating such procedure, there exists what is best described as a broad hint to that effect. In Ling-Temco-Vought, Inc. v. Kollsman Instrument Corp., 372 F.2d 263 (2nd Cir. 1967), the district court found the patent sued upon to be invalid and not infringed. Our Court of Appeals reversed the finding of patent invalidity and noted "[i]t is fortunate, however, that Judge Rosling followed the approved procedure of deciding the question of alleged infringement", even though such a decision was unnecessary given his resolution of the invalidity question. This procedure has since been widely followed in this circuit. Reeves Brothers, Inc. v. U. S. Laminating Corp., 282 F.Supp. 118 (E.D.N.Y.1968); Thomson Industries, Inc. v. Nippon Thomson Co. Ltd., 298 F.Supp. 466 (E. D.N.Y.1968); Trimble Products, Inc. v. W. T. Grant Co., 283 F.Supp. 707 (S.D. N.Y.), affd., 404 F.2d 344 (2nd Cir. 1968); SCM Corporation v. Radio Corporation of America, 318 F.Supp. 433 (S.D.N.Y.1970). See also Sonobond Corp. v. Uthe Technology, Inc., 314 F. Supp. 878 (N.D.Cal.1970); Smith v. J. H. Smith Co., 315 F.Supp. 1059 (D. Mass.1970). Its advantage is obvious: if the question of validity is tried alone and a finding of invalidity is then reversed, an entire trial on infringement awaits. If both questions are tried together, the Court of Appeals can pass on the entire range of issues presented by the suit and, as in Ling-Temco-Vought, affirm a finding of noninfringement even if it reverses a finding of invalidity. Such a procedure helps avoid piecemeal litigation, an especially desirable goal given the duration and expense of much patent litigation. See generally Switzerland Cheese Association, Inc. v. Horne's Market, 385 U.S. 23, 87 S.Ct. 193, 17 L.Ed.2d 23 (1966).

Hence defendants' assumption that a separate trial of validity will shorten and simplify the litigation is valid only if the district court finds the patent invalid and this finding is affirmed by the Court of Appeals. Given any other contingency, the course of the litigation will be just as long and, in most cases, longer than if a single unified trial is held. Furthermore, defendants' suggested procedure ignores the frequent overlap in the issues of validity and infringement. The resolution of both issues, for example, often involves inquiry into the prior art, and the affidavit of CSC's counsel indicates that such will be the case here. It reveals that CSC plans to interpose invalidity defenses based on anticipation, obviousness, and indefiniteness.

It is particularly significant that the district judge in Woburn granted a separate trial on the explicit assumption that no inquiry into the prior art would be necessary at the trial of the validity question. The Woburn court was confronted, as it acknowledged, with one of those rare instances in which the validi-

3. Affidavit of Jim Zeeger, counsel for CSC, at p. 4.

ty issues could be completely segregated from those of infringement. That validity trial presented the relatively neat and precise question of whether a previous patent application had been filed in Germany. The instant case is not comparably tidy. Defendants attack the validity of the patent on a number of grounds, which mandate a far broader inquiry than was required in *Woburn*. Hence duplication of issues and of proof at the first and second trials would be inevitable and, in my view, would necessitate an unwarranted expenditure of the time of all concerned.

The likelihood of overlap is virtually conceded by two of the defendants. CDC, in recording its support of the severance motion, urges that "said motion be granted only on the understanding that the granting of said motion does not in any way limit or otherwise diminish the scope of any other of the defenses recognized at law as complete defenses to the patent in suit." Similarly, ATC asks this court to grant a severance "but without prejudice to the right of American Totalisator to urge at the time of the infringement trial, if there is one, such aspects of the validity evaluation of the claims of the patent in suit as are relevant to the infringement issues." [4] These defendants appear to contemplate introducing at the infringe-

ment trial at least some of the evidence introduced at the validity trial. This scarcely seems an economical method of proceeding, and I conclude that all defenses can be raised most efficiently at a single consolidated trial. A passage in *Woburn* which defendants conveniently ignore in pressing their claims is worth quoting. As the court stated, a separate trial should not be allowed "except upon the clearest showing that the trial of the issue of validity will not involve trial of the merits of other issues or substantial duplication of proof if other issues must be tried." [5]

Summing up, I am constrained to deny defendants' motion for a severance, both because such procedure is disfavored in this circuit and because the issues of validity and infringement do not seem readily separable here, as they were in *Woburn*.

■ Defendants' concern that extensive discovery on the question of infringement might result in the disclosure of trade secrets is, however a legitimate one. Nevertheless, their interests can be adequately protected by appropriate application to this court for a protective order under Rule 26(c)(7) of the Federal Rules. Accordingly, their motion to defer discovery on all issues save that of validity is also denied.

---

4. Letter of Harold James, Esq., counsel to ATC, to the court, dated June 12, 1973.

5. The attention of this court has been directed to several patent cases in which Rule 42(b) motions have been granted. However, in only a handful of these cases (those cited at footnote 1, supra) have the issues of *validity* and *infringement* been severed; courts have separated a variety of issues in patent litigation but only rarely these two issues. I deem this at least an implicit recognition that the issues of validity and infringement are inevitably intertwined.

The following are some examples of issues that have been severed in patent cases: in Cataphote Corp. v. DeSoto Chemical Coatings, 235 F.Supp. 931 (N.D.Cal.1964), affd., 356 F.2d 24 (9th Cir. 1966), cert. denied, 385 U.S. 832, 87 S.Ct. 71, 17 L.Ed.2d 67 (1966), and in Minnesota Mining and Manufacturing Co. v. Kent Industries, 274 F. Supp. 993 (E.D.Mich.1967), affd., 409 F.2d 99 (6th Cir. 1969), the court granted a sep-

arate trial on the question of prior public use or sale; in Metal Film Co. v. Metlon Corp., 272 F.Supp. 64 (S.D.N.Y.1967), an action in which defenses of patent misuse and antitrust violations were asserted, the court granted a severance as to all patent issues; in Lyophile Cryochem Corp. v. Pfizer & Co., Inc., 7 F.R.D. 362 (E.D.N.Y. 1947), the court denied a motion to sever the issue of validity but granted a motion to sever the issues of validity *and* infringement; in Shepard v. International Business Machines Corp., 45 F.R.D. 536 (S.D.N.Y. 1968), the court severed the issues of validity and infringement from the issue of damages. See also, Laitram Corp. v. Deepsouth Packing Co., 279 F.Supp. 883 (E.D.La. 1968); McFarlane v. Resinite Corp., 273 F.Supp. 224 (N.D.Ill.1967); Aldridge v. General Motors Corp., 178 F.Supp. 839 (S. D.Cal.1959); Powerlock Systems, Inc. v. Duo-Lok, Inc., 54 F.R.D. 578 (E.D.Wis. 1972).