## LUDLOW CORPORATION

### v.

## TEXTILE RUBBER & CHEMICAL COMPANY, INC. and Harvey Howalt.

### Civ. A. No. C75–143R.

United States District Court, N. D. Georgia, Rome Division.

Feb. 6, 1978.

George M. Hopkins, Newton, Hopkins & Ormsby, Atlanta, Ga., Andrew F. Kehoe, Cesari & McKenna, Boston, Mass., for plaintiff.

Anthony B. Askew, Atlanta, Ga., for defendants.

## ORDER

HAROLD L. MURPHY, District Judge.

This case involves an action for patent infringement based upon U.S. Reissue Patent No. 27,366. The patent at issue was the product of an April 13, 1965 application for Letters Patent on a process for making foam rubber which is dried without the use of gelling agents and without gelling the wet foam.

Pending before the court is defendant's motion for separate trial. Defendant contends plaintiff and its predecessor holders of the patent at issue failed to comply with the requirements of 35 U.S.C. § 102. Defendant contends the patent is invalid on any one of three grounds under Section 102:

A person shall be entitled to a patent unless—

(a) the invention was known or used by others in this country . . . before the invention thereof by the applicant for patent, or

(b) the invention was . . . in public use or on sale in this country, more than one year prior to the date of the

---

application for patent in the United States, or . . .

(g) before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. . .

Defendant contends all of these three invalidating criteria were met by the latex foam rubber formulation developed by Mr. Del Ashley in the fall of 1959. Mr. Ashley's formulation was developed for use in producing a backing compound for throw rugs. The process allegedly involved no gelling agents and no gelling occurred in the drying of the wet foam rubber compound.

Separate trials are permitted in the interest of convenience, to avoid prejudice or where a separate trial is "conducive to expedition and economy." Rule 42(b), Federal Rules of Civil Procedure. Defendant contends a separate trial is warranted in this case because a finding that one of the statutory proscriptions of 35 U.S.C. § 102 had been violated would be dispositive of the entire case. A one or two day trial would be necessary on the issue of Section 102 violations and may obviate the need for the three week trial estimated for the case as presently constituted.

Separate trials have long been permitted in patent cases. The seminal case of *Woburn Degreasing Co. v. Spencer Kellogg & Sons,* 37 F.Supp. 311 (W.D.N.Y.1941) permitted a separate trial on the issue of the pre-existence of a German patent. The court held a separate trial should not be permitted if there would be a substantial duplication of proof. The case at bar is to be tried without a jury and, if defendant does not prevail on its prior use defenses, duplication would be redundant and unnecessary.

The more recent case of *Cataphote Corporation v. DeSoto Chemical Coatings, Inc.,* 235 F.Supp. 931 (N.D.Cal.1964) also permitted a separate trial in a patent case. *Cata-*

*phote* established three criteria for the grant of a separate trial. First, the moving party must make a prima facie showing of success. Defendant has met this burden with evidence from experts as to the identity of the Ashley and patented processes. Second, success by the moving party would save time by eliminating the necessity for resolution of more complex issues. A finding of prior use in the case at bar would invalidate plaintiff's patent and terminate claims of infringement. Third, further delay will not prejudice the non-moving party. This consideration is highly subjective, but the case is nowhere near ready for trial on all the issues involved in a test of patent validity. The short delay is not significant in relation to the time required to complete full discovery and the possibility of a speedy resolution on the Section 102 issues.

Plaintiff points to *Electronic Assistance Corp. v. City of New York,* 362 F.Supp. 755 (S.D.N.Y.1973) and notes time will be wasted, rather than saved, if the court finds the patent invalid under Section 102 and is reversed, necessitating a trial on the full issues. Taken to its logical conclusion, this argument would require a denial of all summary judgments in the interests of time. Furthermore, this court does not feel compelled to play Cassandra and predict its demise in the Court of Appeals on an issue it has yet to consider. As leading commentators have noted, if a single issue could be dispositive of the case and would make it unnecessary to try other issues, the separate trial may be desirable to save the time of the court and the money of the parties. See, 9 C. Wright and A. Miller, Federal Practice and Procedure, § 2388 at 281 (1971), and cited cases. Considerations of convenience and economy warrant a grant of the motion for separate trial.

Accordingly, the motion for separate trial is GRANTED. All discovery not connected with issues arising under 35 U.S.C. § 102 is STAYED pending completion of the separate trial.