**AIR KING PRODUCTS CO., Inc., v. HAZELTINE RESEARCH, Inc.**

**Civ. No. 10339.**

United States District Court
E. D. New York.
June 29, 1950.

382

Floyd H. Crews, New York City, Darby & Darby, Morris Relson, New York City, of counsel, for plaintiff.

Watson, Johnson, Leavenworth & Blair, New York City, Leonard A. Watson, Laurence B. Dodds, and David A. Woodcock, all of New York City, of counsel, for defendant.

GALSTON, District Judge.

The three motions before the court will be disposed of in this single opinion.

The defendants move for a separate trial under Rules 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and for a stay of all depositions, interrogatories and other discovery or proceedings in any matter not involved in the license issues until such separate issues have been heard and determined.

Defendant's second motion presents for hearing defendant's objections to certain interrogatories heretofore propounded by the plaintiff.

The third motion is by the plaintiff to compel more complete answers to some of the interrogatories propounded by the plaintiff.

The suit is brought pursuant to Title 28 U.S.C.A. § 2201, for a declaratory judgment of invalidity and noninfringement of patent rights, and of the unenforceability of asserted contract rights. From the complaint it appears that the parties entered into a license agreement under which the plaintiff was licensed under more than 550 United States patents, and more than 200 United States patent applications owned by the Hazeltine Corporation or owned by others under which the Hazeltine Corporation alleged it had the right to grant such a license. The benefits and obligations of the license agreement were assigned by the Hazeltine Corporation to the defendant. It is alleged that such assignment is invalid for the reason, among others, that the obligations assumed by the Hazeltine Corporation were personal and hence unassignable.

For the purposes of determining these motions it is not necessary to state all of the provisions of the license agreement which are set forth in the complaint. It is alleged that the license is oppressive and against public policy; that defendant has misused its patents so as to render the license agreement unenforceable; that the agreement requires the plaintiff to pay patent royalties on devices not covered by its patents or by patents under which the defendant had the right to grant a license, and on devices and parts covered only by invalid patents; that the license. requires the payment of patent royalties upon the entire gross production of home television and radio sets sold by plaintiff without regard to whether defendant owns or controls any patents covering such sets; and for other grounds set forth in Paragraph 17th of the complaint.

It is alleged that the plaintiff gave defendant a written notice of repudiation of the license agreement, and that its operations will be conducted in hostility of all of defendant's asserted patent rights. The complaint also attacks the patents of the defendant as being unenforceable because of alleged misuse by the defendant and defendant's assignor, the Hazeltine Corporation.

In consequence the plaintiff seeks a declaratory judgment: of invalidity of all patents owned or controlled by the defendant; that plaintiff has not infringed any of defendant's patents; that plaintiff is not liable for the payment of any royalties under the aforesaid license agreement, and that the Hazeltine Corporation was without authority, under the laws of the State of New York, to enter into the license agreement with the plaintiff; and that the license agreement be declared invalid and unenforceable.

All the material allegations affecting ultimate issues and the prayer for relief based thereon are denied. For a separate and distinct partial defense the defendant alleges that the plaintiff is estopped from contesting the validity of any of the patents under which it is licensed by said license agreement; that it has violated the provisions of the license agreement, and that such breaches estopped plaintiff from relying thereupon to relieve it from royalty obligations under said license. The answer also contains a counterclaim setting up royalties reported and unpaid in the amount of some $33,000.

■ The first question to be considered is the motion for a separate trial under Rule 42(b) of the validity, enforceability and effect of the license agreement. Generally speaking it may be observed that piecemeal litigation is not to be favored since it may add to the burden not only of litigants but also of the courts. However, in the present action there are ample grounds for first determining the issues presented in respect to the license agreement. The main case attacks the validity of one or all of 550 United States patents, and presents a momentous and prodigious issue. Nevertheless it will have to be met if the issues raised in respect to the license agreement are determined in favor of the plaintiff. On the other hand, if it is determined that the license agreement is valid and enforceable, and that the plaintiff is estopped from contesting the validity and issues of infringement in respect to the 550 patents, economy of all concerned will best be served by the granting of this motion. Nor is authority lacking in support of the practice. See Moore's Federal Practice, Vol. 3, p. 3051; Woburn Degreasing Co. v. Spencer Kellogg & Sons, D.C., 37 F.Supp. 311; American Machine & Metals, Inc. v. De Bothezat Impeller Co., Inc., D.C., 82 F.Supp. 556; and Collins v. Metro-Goldwyn, 2 Cir., 106 F.2d 83, 87, in which Judge Clark said: "As the opinion points out, the trial judge has a practical discretion to dispose of them together, but when the natural course of trial indicates that one claim can be disposed of quickly and summarily while the other will require a considerable trial, separation should be possible save in cases where the facts are so inextricably interwoven that it is impossible or at least manifestly unfair. At any rate, the new rule is flexible enough to permit a useful adjustment of such a situation, and I concur in the view that the earlier precedents which deserve our approval were to the same effect."

■ The motion for a separate trial is, therefore, granted.

■ Closer questions are presented in respect to the interrogatories and depositions, if any, which may be sought prior to the trial of the license agreement issues. Again generally speaking, the plaintiff should not be foreclosed from seeking evidence bearing upon the allegations of this complaint in respect to the invalidity, unenforceability and voluntary relinquishment of the license agreement. Such issues doubtless will be in some respects, if not all, controlled by the recent decision of the Supreme Court on June 5, 1950, in Automatic Radio Manufacturing Co., Inc., Petitioner, v. Hazeltine Research, Inc., 70 S.Ct. 894. Whether in that action all of the allegations made by the plaintiff in the case at bar were before the trial court cannot be determined from the opinion of the Supreme Court or of the Court of Appeals for the First Circuit, 176 F.2d 799, or of the trial court, D.C., 77 F.Supp. 493.

But the motion of the defendant, so far as it seeks to stay depositions, interrogatories and other discovery or proceedings with relation to any matter not involved in the license issues will be granted.

On the other hand, all interrogatories bearing on the license issues to be tried separately are proper. Without analyzing each and every interrogatory and its objection, but on the basis of apparent relevancy to the license issues, the following rulings are made: objections are sustained to interrogatories Nos. 1, 3(c), 3(d), to the extent that such interrogatory requests considerations paid for the assignments and license rights referred to; 9(d); 9(e); 9(f); 10(a); 10(b); 10(c); 10(d); 11(a); 11(b); 12; (13(a); 13(b); 14; 15(b); 15(c); 16(a) to (g), inclusive; 17; 19(b)

384

to (m), inclusive; 23(a) to (d), inclusive; 24(a) to (e), inclusive, and 25.

Finally to be considered is the motion of the plaintiff for a more complete answer to certain interrogatories. The first of these is the answer to 8(b): the answer should be amplified by submitting blank forms of the license numbers referred to; as to interrogatory 8(d), there need be no further amplification; as to 8(e) there need be no further amplification; the answers to 20 to 22, inclusive, are sufficient.

Settle orders on notice.