See also D.C., 211 F.Supp. 541.

Edward Aaron MAYS

v.

LIBERTY MUTUAL INSURANCE CO.

Edward Aaron MAYS

v.

CUNEO EASTERN PRESS, INC., Liberty Mutual Ins. Co., et al.

Edward Aaron MAYS

v.

OXFORD PAPER COMPANY.

Edward Aaron MAYS

v.

MANSAVER INDUSTRIES, INC.

v.

CUNEO EASTERN PRESS, INC.

Civ. A. Nos. 31005, 30647, 28807, 34357.

United States District Court
E. D. Pennsylvania.
May 14, 1964.

Dorfman, Pechner, Sacks & Dorfman, by Harry Lore, Philadelphia, Pa., for plaintiff.

Pepper, Hamilton & Scheetz, by Edward W. Madeira, Jr., Philadelphia, Pa., for Liberty Mutual.

Ballard, Spahr, Andrews & Ingersoll, by Charles I. Thompson, Jr., Philadelphia, Pa., for Oxford Paper.

John J. McDevitt, 3rd, by Harry A. Short, Jr., Philadelphia, Pa., for Mansaver Industries and Cuneo.

WOOD, District Judge.

This is a motion to consolidate four separate and distinct peronal injury actions arising out of a single mishap to the plaintiff which occurred at his place of employment on February 26, 1960. Mr. Mays was struck by a large paper roll which fell from its external wrapper while being lifted on a device called a "Mansaver."

Four civil actions were commenced by the plaintiff against the manufacturer of the paper roll, the purchaser of the roll, the manufacturer of the lifting device and the Workmen's Compensation carrier for the plaintiff's employer which allegedly was negligent in its safety inspections of the employer's premises. Two of the cases have resulted in a plethora of third-party actions and one action, Civil Action No. 34357, is listed as a non-jury trial.[1]

The plaintiff seeks a consolidation to keep his expenses to a minimum and to prevent his medical witnesses from becoming hostile because his physicians will be compelled to testify on four separate occasions.

Each and every defendant opposes the consolidation as far as the *liability* aspect of these actions is concerned because each case presents a complex and different theory of liability which if combined would hopelessly confuse even the most sophisticated jury.

In considering any motion for consolidation the Court's discretionary power is affected by such factors as the possible elimination of any unnecessary costs, delay and needless duplication of trials which involve a common question of law or fact. All of these factors of course are subject to the overriding limitation that such a consolidation will be reasonable and not prejudice the rights of any party.

Upon consideration of all the salient facts involved in each case we believe that a *complete* consolidation of the four actions would produce an unreasonably complicated trial that would prejudice the rights of the various defendants and third-party defendants. If the plaintiff is to prevail in any of these cases he must necessarily substantiate his claim by means of highly technical expert testimony which undoubtedly will be controverted by equally technical proof submitted by the defendants. Needless confusion will result and be compounded by commingling this testimony. It would be almost impossible for any jury to properly evaluate each defendant's responsibility under such circumstances.

However, there is some merit to the plaintiff's argument regarding his damages. There seems to be no justification for duplicating the evidence concerning the extent of his losses and a joint trial on this issue would facilitate disposition of the entire controversy. Therefore, insofar as the motion is addressed to a joint trial on the issue of damages we are constrained to grant the plaintiff's request.

Nothing which we say in this opinion forecloses the rights of any of the parties to move at a later date for a joint trial on any other issues which may warrant such a consolidation to conclude this matter with dispatch.

---

1. In this action the plaintiff has filed a collateral motion requesting a special listing and a reinstatement of the defendant's motion for a jury trial which had been stricken by the Clerk as untimely.

## ORDER

And now, this 14th day of May, 1964, the plaintiff's motion to consolidate Civil Actions Nos. 28807, 31005, 30647 and 34357 is granted but limited to the issue of the plaintiff's damages.