STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA, Berkshire Life Insurance Company, the Guardian Life Insurance Company, the Independent Life and Accident Insurance Company and Farm Bureau Life Insurance Company, Plaintiffs,

v.

PEAT, MARWICK, MITCHELL & CO., Defendant and Third-Party Plaintiff,

v.

Sidney M. VINE, Leo Vine, Stuart Kahn and Ira W. Berman, Third-Party Defendants.

The PAUL REVERE LIFE INSURANCE CO. and The Paul Revere Corporation, Plaintiffs,

v.

PEAT, MARWICK, MITCHELL & CO., Defendant and Third-Party Plaintiff,

v.

Sidney M. VINE, Leo Vine, Stuart Kahn and Ira W. Berman, Third-Party Defendants.

GENERAL CONFERENCE CORPORA-
TION OF SEVENTH DAY ADVENT-
ISTS, Lake Union Conference Associ-
ates and Robert Fulton Maine & Com-
pany, Plaintiffs,

v.

ALL-STATE CREDIT CORPORATION,
Ira W. Berman, Stuart Kahn, Leo Vine,
Sidney M. Vine and Peat, Marwick,
Mitchell & Co., Defendants.

Nos. 68 Civ. 1081, 2530 and 69 Civ. 347.

United States District Court,
S. D. New York.

Dec. 31, 1969.

Wachtell, Lipton, Rosen & Katz, New York City, for plaintiff State Mutual Life Assurance Co.; Herbert M. Wachtell, Bertram M. Kantor, Peter D. McKenna, New York City, of counsel.

Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, for defendant Peat, Marwick, Mitchell & Co.; William E. Hegarty, Floyd Abrams, New York City, of counsel.

Casey, Lane & Mittendorf, New York City, for plaintiff Paul Revere Life Ins. Co.; William E. Kelly, Wade S. Hooker, Jr., New York City, of counsel.

Laventhall & Zicklin, New York City, for plaintiff General Conference Corp. of Seventh Day Adventists; Robert Zicklin, New York City, of counsel.

Seligson & Morris, New York City, for third-party defendants L. Vine, S. Vine, Kahn and Berman and for defendants All-State Credit Corp., and others; Jeffrey L. Zivyak, New York City, of counsel.

## OPINION

TENNEY, District Judge.

Three actions have been separately commenced against Peat, Marwick, Mitchell & Co. (hereinafter referred to as "Peat Marwick"), two of which name Peat Marwick singularly while the third names Peat Marwick, All-State Credit Corp. (hereinafter referred to as "All-State") and four of its officers and directors as defendants. Each of the above-captioned actions was occasioned by the insolvency of All-State and its consequent failure to pay in full sums allegedly owed to the plaintiffs in the respective actions. All-State is presently a debtor-in-possession in arrangement proceedings under Chapter XI of the Bankruptcy Act, 11 U.S.C. § 742. Peat Marwick is a partnership of accountants retained by All-State as its independent accountant and auditor.

In the first of the abovementioned actions (hereinafter referred to as the "State Mutual action") it is alleged that five institutional investors provided loan funds of approximately 3.5 million dollars to All-State in return for senior notes and warrants. These five investors now seek damages allegedly sustained as a result of Peat Marwick's false, fraudulent, misleading and inaccurate certification of All-State's financial statements and the issuance by Peat Marwick of false and misleading compliance certificates provided for under the various loan agreements.

In the second action (hereinafter referred to as the "Paul Revere action") two insurance companies allege that they loaned approximately 1.75 million dollars to All-State in return for subordinated notes, stock warrants and preferred stock. These investors also seek damages allegedly sustained as a result of their reliance on false, misleading and inaccurate financial statements prepared by Peat Marwick. In addition, plaintiffs in this action seek damages occasioned by defendant's alleged issuance of false and misleading compliance certificates in violation of certain provisions of the loan agreements.

Plaintiffs in the third action (hereinafter referred to as the "Adventist action") are two Seventh Day Adventist associations, one suing as holder of a third-party debenture and note of All-State, and the other as holder of an All-State note. Both associations seek damages from Peat Marwick, All-State, and Messrs. S. Vine, L. Vine, Kahn and Berman, stemming from alleged misplaced reliance on representations, certifications and warranties contained in All-State's financial statements.

Robert Fulton Maine & Company (hereinafter referred to as "RFM"), the third plaintiff in the Adventist action, sues as assignee of three All-State notes and, in addition, claims damages for loss of both its business and reputation as an investment broker.

All three actions allege that Peat Marwick is responsible for preparing false

and misleading financial statements for All-State in violation of § 10(b) of the Securities Exchange Act of 1934, 15 U.S. C. § 78j(b), and Rule 10(b)–5, 17 C.F.R. 240.10(b)–5, promulgated thereunder, and § 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a). Additionally, Peat Marwick is charged with fraud and deceit, negligence, and breach of its contracts of retainer with All-State, of which plaintiffs claim to be third-party beneficiaries.

Finally, it should be noted that in the State Mutual and Paul Revere actions defendant Peat Marwick has served a third-party complaint on the four individuals named as defendants in the Adventists action (Messrs. S. Vine, L. Vine, Kahn and Berman) who are All-State's principal officers and directors. Only the third-party complaint in the State Mutual action is contested herein.

Defendant and third-party plaintiff Peat Marwick now moves this Court, pursuant to Fed.R.Civ.P. 42(a), for an order consolidating the above-captioned actions. Plaintiffs in the Adventist action support this motion while plaintiffs in the State Mutual and Paul Revere actions vigorously oppose it. The third-party defendants in the latter two actions have taken no affirmative position other than to contend that the motion is premature.

Plaintiffs in the State Mutual action move to strike the third-party complaint on the grounds that the issues asserted therein will delay and prejudice prosecution of their claims and that the third-party complaint fails to state facts upon which the third-party defendants are or may be liable to defendants. Similarly, the third-party defendants move to strike the third-party complaint on the ground that it fails to state a claim upon which relief can be granted. Plaintiffs in the Paul Revere action have made no motion with respect to the third-party complaint served therein, but have requested that any decision on this motion be without prejudice to their rights to seek relief when pre-trial discovery is concluded.

*Consolidation*

Peat Marwick's motion apparently seeks consolidation of these three actions for all purposes, that is, for all pre-trial and trial proceedings. Rule 42(a) of the Federal Rules of Civil Procedure, in pertinent part, provides:

"When actions involving a common question of law or fact are pending before the court, * * * it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

It is settled law in this circuit that Rule 42(a) empowers the district court to order consolidation for pre-trial purposes. MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir. 1958). However, this power is not unharnessed and such extraordinary relief should be granted only under compelling circumstances and when attempts to seek other, more conventional, avenues of relief have been exhausted. MacAlister v. Guterma, *supra* at 69–70. As examples of such conventional avenues of relief, the Court of Appeals indicated in *MacAlister* that application for a pre-trial master might be appropriate or that protective orders under Fed.R.Civ.P. 30(b) or (d) should first be sought. In addition, a coordinated discovery program providing for the common use of depositions could be sought. Baldwin-Montrose Chem. Co. v. Rothberg, 37 F.R.D. 354, 356 (S.D.N.Y. 1964). However, no such relief has been sought in the instant case and it is undisputed that pre-trial discovery had thus far proceeded with the full cooperation of all concerned. Thus, even if application for prior relief is not deemed a condition precedent to the grant of pre-trial consolidation, defendant has nevertheless failed to make the requisite showing of compelling circumstances therefor. In

view of the foregoing, I am constrained to deny the motion for pre-trial consolidation without prejudice to renewal upon an appropriate showing of compelling circumstances.

Plaintiffs in the State Mutual action oppose trial consolidation, contending that it will serve no useful purpose, will prejudice them since there exists major conflicts of interests among the various groups of plaintiffs and that the grant of such motion will further complicate and confuses the issues to be presented to the jury. Plaintiffs in the Paul Revere action oppose consolidation with equal vigor on the grounds that it is premature and that there are insufficient common questions of law or fact. These plaintiffs also maintain that they would be substantially prejudiced if forced to try their claims with the other groups of plaintiffs.

While I agree that consolidation of the Adventist action with the other two actions would be prejudicial to the plaintiffs therein, neither authority nor persuasive argument has been offered for denying the motion to consolidate the State Mutual and Paul Revere actions.

■ Initially, it is apparent that there are numerous questions of law and fact common to both these actions. Central to the issue of Peat Marwick's liability are the financial statements and certificates certified to by defendant. Both groups of plaintiffs have asserted essentially identical claims against Peat Marwick, and the answers interposed in both actions are also patently similar. Defendant is charged in both actions with violation of the same federal securities laws, fraud and deceit, negligence, and breach of contract. Both actions were generated by transactions whereby funds were provided to All-State in return for either its notes, securities, warrants or combinations thereof. The defenses raised in both actions are based on plaintiffs' alleged knowledge of All-

State's financial condition. Even the compliance certificates sued on in both actions are substantially similar. (Exhs. A–C of Peat Marwick's reply affid., dated Aug. 5, 1969.) From the foregoing, I think it obvious that a sufficient community of law and fact exists to warrant consolidation of these two actions.

■ This, of course, is subject to the overriding consideration that no prejudice result therefrom and that a fair and impartial trial still be available to all litigants. See Baker v. Waterman S. S. Corp., 11 F.R.D. 440, 441 (S.D.N.Y. 1951). In this regard, there has been no showing by either plaintiffs in the State Mutual action or the Paul Revere action that prejudice will result from such consolidation. It has been suggested that since the State Mutual plaintiffs are senior creditors they are chargeable with less knowledge of All-State's financial affairs than the Paul Revere plaintiffs, who are equity owners of preferred stock. Consequently, the State Mutual plaintiffs urge that they will be prejudiced by consolidation because the added knowledge of Paul Revere will spill over and thereby place them in a less favorable light in the minds of the jurors. There is, however, no basis in law or fact for such distinction. No such inference may be drawn from the mere fact that one plaintiff is a senior creditor and the other an equity owner.

The cases cited by the State Mutual plaintiffs to support the contention that there exists a disparity of position and conflict of interest between them and the Paul Revere plaintiffs are distinguishable, inapplicable to the facts before me and, therefore, not controlling herein. Atkinson v. Roth, 297 F.2d 570 (3rd Cir. 1961), clearly stands for the proposition that parties having conflicting and disparate positions should not be consolidated as plaintiffs. However, in *Atkinson* one of the plaintiffs in the consolidated action was also a defendant

therein. This, of course, would have been prejudicial to the other plaintiffs since only he was obligated to prove his freedom from contributory negligence. Atkinson v. Roth, *supra* at 575–576. Similarly, in Dupont v. Southern Pac. Co., 366 F.2d 193, 196 (5th Cir. 1966), cert. denied, 386 U.S. 958, 87 S.Ct. 1027, 18 L.Ed.2d 106 (1967), the district court was admonished that ordering consolidation that results in prejudice to the litigants is reversible error. However, that same decision encouraged the trial judge to make good use of consolidation under Rule 42(a), in order to expedite proceedings and avoid unnecessary relitigation of identical issues. Dupont v. Southern Pac. Co., *supra* at 195. Just as in *Atkinson,* the facts in *Dupont* are clearly distinguishable from those presented herein. Essentially, the prejudice in *Dupont*, wherein four actions were consolidated with a lead counsel designated for all plaintiffs, was bottomed on the possibility of lead counsel's having to contest the negligence of one of his plaintiff clients, which negligence was alleged by all other plaintiffs. Thus, lead counsel, representing all plaintiffs, would have been in a position of obvious prejudice to the parties by having to contest and prove the same allegations.

Capstraw v. New York Cent. R. R., 15 F.R.D. 267 (N.D.N.Y.1954), also presented a situation wherein serious prejudice would have resulted from consolidation. An engineer and a brakeman were suing a railroad for personal injuries sustained in the same accident. The engineer was fired after the accident, and while this fact was admissible in the brakeman's case against the railroad, it was not admissible against the engineer in his case. The prejudice was apparent and obviously not remediable by a jury instruction to disregard evidence for one purpose and consider it for another.

■ Equally without merit is the contention by plaintiffs in both the State Mutual and Paul Revere actions that consolidation of the two trials will be prejudicial by causing inordinate complexity and confusion of issues presented to the jury. Both actions involve similar if not identical financial statements and at issue in both causes is whether Peat Marwick rendered false compliance certificates. As indicated previously, the legal issues presented in both actions are substantially similar. Admittedly, large sums of monies are involved in both actions, but I can not conclude from this fact alone that it will have an "overkill" effect on the jury. Additionally, the mere fact that each party may take a different legal approach to the prosecution of its action is not sufficient reason to sustain an objection to consolidation. This argument was made to Judge McGohey in Farrell v. American Flyers Airline Corp., 42 F.R.D. 341, 342 (S.D. N.Y.), mandamus denied, 385 F.2d 936 (2d Cir. 1967), cert. denied; 390 U.S. 1012, 88 S.Ct. 1262, 20 L.Ed.2d 162 (1968), and I agree with his conclusion that any problems presented by multiple approaches to a legal issue are remediable by Fed.R.Civ.P. 49, which provides for special verdicts and general verdicts accompanied by answers to interrogatories.

In view of the foregoing, I am convinced that consolidation of the State Mutual and Paul Revere actions will serve the useful purposes of avoiding piecemeal litigation and reducing the burdens on both the litigants and the court. See Air King Prod. Co. v. Hazeltine Research, Inc., 10 F.R.D. 381 (E.D. N.Y.1950).

■ Consistency with the views just expressed compels me to deny the motion for consolidation with respect to the Adventist action. Careful comparison of the facts and issues present in that action with those in the other two actions reveals a conspicuous absence of similarity between them, as well as a disparity

of interest between RFM and the plaintiffs in the State Mutual and Paul Revere actions which would likely cause prejudice to those plaintiffs if consolidation were ordered.

While there are some common questions of law and fact present in all three actions, there remain many issues in the Adventist action which are collateral and unrelated to those present in the two other actions. By way of example, the RFM claim for loss of business and reputation presents fundamental issues of fact and law outside the scope of the issues presented in the other actions. Other collateral issues are presented by RFM's claim against Peat Marwick as assignee of three All-State notes. These unrelated issues invite confusion and would nullify any convenience that would result from consolidation.

 Indeed, yet another obstacle prevents consolidation of the Adventist action—serious prejudice will result. It is undisputed that RFM acted as a finder on behalf of All-State in soliciting loan and equity funds and that while acting in this capacity it was responsible for consummating all but two of the loan transactions involved herein. Further, it appears that in pursuance of its endeavors RFM furnished the lenders with its own written description of All-State's business and financial affairs. It follows that from such intimacy with All-State RFM may well be chargeable with more knowledge of All-State's financial condition than the other plaintiffs. Consequently, its alignment with the other plaintiffs before a jury would invite prejudice to these parties since it is not unreasonable to assume that RFM's knowledge will spill over in the jurors' minds and be attributable to the State Mutual and Paul Revere plaintiffs. When the possibility of such inequity exists consolidation is properly denied. Mays v. Liberty Mutual Ins. Co., 35 F.R.D. 234, 235 (E.D.Pa.1964); Baker v.

Waterman S. S. Corp., *supra*. As indicated in Atkinson v. Roth, *supra*, notwithstanding the existence of common questions of law and fact among separate actions, consolidation is improper if it aligns parties having conflicting and disparate positions. Further, "[w]here prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error." Dupont v. Southern Pac. Co., *supra*, 366 F.2d at 196. Judge Weinfeld of this court has adopted a similar position and held that despite the desirability of consolidation, it should not be granted where prejudice may result to one or more of the parties. Bascom Launder Corp. v. Telecoin Corp., 15 F.R.D. 277 (S.D.N.Y.1953).

*Impleader*

Peat Marwick's third-party complaint alleges two causes of action against Messrs. L. Vine, S. Vine, Kahn and Berman, the principal officers and directors of All-State. The first alleges the existence of an express agreement between the third-party defendants and Peat Marwick, whereby the third-party defendants "agreed to disclose to defendant all material facts concerning the affairs, business and operations of All-State. * * *" (Third-party complaint ¶ 6.) By virtue of the breach of this agreement, Peat Marwick seeks indemnification from the third-party defendants for any damage sustained.

The second cause of action, sounding in tort, alleges fraudulent misrepresentation of All-State's financial condition by the third-party defendants "with full knowledge of the true facts and with the intent to induce defendant to rely thereon in rendering its services pursuant to its retainers by All-State." (Third-party complaint ¶ 12.)

Fed.R.Civ.P. 14(a), in pertinent part, provides:

"At any time after commencement of the action a defending party, as a third

party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him."

Both the third-party defendants and the plaintiffs in the State Mutual action have moved to strike the third-party complaint upon the grounds that it fails to state a claim for which the third-party defendants are or may be liable to the defendant. In addition, this Court has been urged by plaintiffs in the State Mutual action to exercise its discretion in favor of striking the third-party complaint because it does not represent a genuine attempt to seek recovery against the third-party defendants.

After careful consideration of the pleadings before me, I am compelled to strike the third-party complaint since it fails to state any facts upon which the third-party defendants are or may be liable to defendant for plaintiffs' claim against it.

▮▮▮ The alleged contractual right to indemnification is patently without merit. Annexed as Exhibit "C" to the third-party complaint are the representation letters furnished by All-State to Peat Marwick, which, as I read the third-party complaint, are submitted as examples of the contracts between the third-party defendants and Peat Marwick. Assuming that a valid claim over against All-State could flow from these letters, no such claim would be available against the third-party defendants herein. This is because each of the letters on All-State's letterhead is signed by the third-party defendants in a representative capacity. By way of example, the signature of Sidney M. Vine appears as follows:

"Yours very truly,
/s/ Sidney M. Vine
Sidney M. Vine,
President and Chairman of the Board."

▮▮▮ It is axiomatic in the law of agency that when there is a disclosed principal "the agent will not be personally bound unless there is clear and explicit evidence of the agent's intention to substitute or superadd his personal liability * * *." Mencher v. Weiss, 306 N.Y. 1, 4, 114 N.E.2d 177, 179 (1953). Absent clear and unequivocal evidence of intent to be personally bound, courts should be reluctant to foist personal liability upon a party who has signed as an agent. Savoy Record Co. v. Cardinal Export Corp., 15 N.Y.2d 1, 7, 254 N.Y.S.2d 521, 523, 203 N.E.2d 206 (1964).

▮▮▮ Based upon the foregoing, it is clear that the representation letters embodied obligations of All-State, and not its officers. This was no doubt apparent to defense counsel when he somewhat artificially argued that these letters only represented a broader agreement between defendant and the third-party defendants. But even assuming the existence of such an agreement, it has not been well pleaded since an agreement to indemnify a person against his own misconduct must be expressed in unequivocal terms. See Guarnieri v. Kewanee-Ross Corp., 263 F.2d 413, 422 (2d Cir.), modified, 270 F.2d 575 (2d Cir. 1959); Kurek v. Port Chester Housing Authority, 18 N.Y.2d 450, 456, 276 N.Y.S.2d 612, 615, 223 N.E.2d 25 (1966). The agreement pleaded in this action is embodied in the representation letters annexed as Exhibit "C", and any broader agreement that may exist is simply not before this Court.

▮▮▮ The second cause of action alleged in the third-party complaint is equally unavailing to defendant. Even a cursory glance at the complaint in the State Mutual action discloses that Peat Marwick is charged with active misconduct, that is, with, *inter alia*, aiding, abetting and participating with All-State in a course of fraudulent conduct

(Complaint ¶ 31), and preparing, certifying and rendering false and fraudulent financial statements with intent to deceive. (Complaint ¶ 52.) Thus, even assuming that the third-party defendants are guilty of the tortious conduct complained of in the third-party complaint, impleader still would not lie since as between joint tortfeasors the right to implied indemnity is determined by the culpability of the person seeking indemnification; Ingham v. Eastern Air Lines Inc., 373 F.2d 227, 239–240 (2d Cir.), cert. denied, sub nom. United States v. Ingham, 389 U.S. 931, 88 S.Ct. 295, 19 L.Ed.2d 292 (1967), and there is no implied right to indemnity if the defendant's tortious conduct is active.

■■■ With regard to indemnity as between joint tortfeasors, it has been established that a defendant's right to seek indemnification "depends upon whether the complaint against the primary defendant charges actual fault; sometimes * * * described as 'active' negligence, as opposed to 'passive' negligence * * *." Collins v. United States, 221 F.Supp. 356, 357 (S.D.N.Y. 1963). A similar view has been expressed by Judge Kaufman in Behar v. Savard, 21 F.R.D. 367, 369–370 (S.D. N.Y.1958).

■■■ As another possible basis for indemnity, defendant argues that if it be found liable for breach of contract, a claim over would arise by virtue of the third-party defendants' interference with its performance of that contract. Admittedly, a cause of action does exist against a party who "unlawfully interferes with contractual rights existing between two other parties or improperly interferes with the performance of duties by one of the parties to the contract * * *." Morris v. Blume, 55 N.Y.S.2d 196, 199 (Sup.Ct.), aff'd, 269 App.Div. 832, 56 N.Y.S.2d 414 (1945). However, this Court has neither found nor been referred to persuasive authority which would suggest the existence of such a cause of action in favor of a party who is also charged with the wrongful breach of the contract in question. A party charged with willful breach of contract can not assert an action in tort against a third person for interfering with the performance of that contract. Metropolitan Opera Ass'n v. Wagner-Nichols Recorder Corp., 199 Misc. 786, 101 N.Y.S.2d 483 (Sup.Ct. 1950), aff'd, 279 App.Div. 632, 107 N.Y. S.2d 795 (1951), and Morris v. Blume, *supra,* relied upon by defendant, do not suggest a contrary holding. Defendant is thus precluded from seeking indemnity on this basis since its claim over is dependent upon a finding of its wrongful breach of contract, which finding, as indicated above, would effectively defeat such claims. The claim over is thus self-defeating because once it arose it would die by virtue of its existence.

■■■ Defendant also maintains that it has a right to contribution from the third-party defendants. However, it is well settled in this district that a joint tortfeasor has no right to contribution unless a joint judgment has been recovered against the joint tortfeasors and the one seeking contribution has paid more than his pro-rata share of the judgment. N.Y. CPLR § 1401 (McKinney 1963); Brown v. Cranston, 132 F.2d 631, 633, 148 A.L.R. 1178 (2d Cir. 1942), cert. denied, sub nom. Cranston v. Thompson, 319 U.S. 741, 63 S.Ct. 1028, 87 L.Ed. 1698 (1943). In the instant suit, the third-party defendants have not been named as co-defendants with Peat Marwick, which, of course, would preclude this right from arising.

Admittedly, there is authority in another district for recognizing a right to contribution in cases brought under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b). de Haas v. Empire Petroleum Co., 286 F. Supp. 809 (D.Colo.1968). But I feel that to abandon the firmly-established New York rule when Congress has not

specifically provided such a right would run afoul of the Supreme Court's confessed dislike of judicial attempts to fashion new rules of contribution. Halcyon Lines v. Haenn Ship Ceiling & Refitting Corp., 342 U.S. 282, 285, 72 S.Ct. 277, 96 L.Ed. 318 (1952).

Defendant's other proffered theories under which it claims a right to indemnity are both unsupported and unpersuasive.

 Still other reasons exist for striking the third-party complaint. It is undisputed that over a million dollars in judgments recovered by five banks remain outstanding against the third-party defendants, and that the only payments being made on these judgments are thirty dollars per week to one of the banks pursuant to an income execution. It is further undisputed that one of the third-party defendants has filed a voluntary petition in bankruptcy. Although this information was furnished by way of affidavit, and was declared to be on information and belief, it is still worthy of consideration. The affidavit is uncontradicted and even referred to in part with approval by defendant in its reply affidavit in opposition to the motion to strike the third-party complaint. Additionally, it has been held that affidavits on information and belief need not be disregarded. Johnston Broadcasting Co. v. Federal Communications Comm'n, 85 U.S.App.D.C. 40, 175 F.2d 351 (1949). See Caldwell-Clements Inc. v. McGraw-Hill Pub. Co., 12 F.R.D. 403, 406 (S.D.N.Y.1952).

Under the circumstances, I think it apparent that the third-party defendants are judgment proof "strawmen" whose presence in the action will serve no useful purpose. While financial ability to respond to judgment should not be determinative in deciding a motion to strike a third-party complaint, it nevertheless should be considered. When, as here, there does not even appear the remotest possibility of response to a third-party judgment, the Court should exercise its discretion in favor of striking the third-party complaint. Recent authority both in this and in another district is in accord with this view. List v. Roto-Broil Corp., 40 F.R.D. 31 (M.D.Pa.1966); Goodhart v. U. S. Lines Co., 26 F.R.D. 163, 164 (S.D.N.Y.1960). See Smith v. Moore-McCormack Lines, Inc., 31 F.R.D. 239, 240 (S.D.N.Y.1962). Moreover, the third-party complaint should be stricken as it is obviously unmeritorious under the circumstances and can only serve to delay or prejudice the disposition of plaintiffs' claims. Notes of Advisory Committee on Rules, 28 U.S.C.A. R. 14 (Supp. 1969 at 102) amending, 28 U.S.C.A. R. 14 (1960). See Thompson v. United Artists Theatre Circuit, Inc., 43 F.R.D. 197, 201 (S.D.N.Y.1967).

 There exists yet another reason for striking the third-party complaint. To permit public accounting firms to escape liability for misconduct in the performance of their duties by obtaining indemnity from the alleged participants in the misconduct would be violative of both the public policy embodied in the federal securities legislation and the public faith reposed in these firms. If accountants could escape liability for their own misfeasance by obtaining indemnity from the officers of the corporation whose financial statements they have fraudulently prepared, there would be much less incentive to be thorough in examination and truthful in reporting. A similar conclusion was reached by Judge Mansfield of this court in Globus v. Law Research Service, Inc., 287 F.Supp. 188, 199 (S.D. N.Y.1968), aff'd in pertinent part, 418 F.2d 1276 (2d Cir., filed Sept. 8, 1969).

Accordingly, and for the foregoing reasons, the motion to consolidate is granted to the extent indicated herein, and the motions to strike the third-party complaint are granted without prejudice to the rights of the plaintiffs in the Paul Revere action. All other applications made for relief herein are denied.

Submit order in accordance herewith.