Joseph P. GALDA, Paul Ewert and Kristina Farrow, Individually, and upon behalf of all others similarly situated, Plaintiffs,

v.

Dr. Edward J. BLOUSTEIN, Individually, and as President of Rutgers, the State University, Dr. Norman Reitman, Individually, and as Chairman of the Board of Governors of Rutgers, the State University of New Jersey, Donald S. McNaughton, David A. Werblin, Katherine Elkus White, Donald M. Dickerson, Sanford M. Jaffe, Robert Kaplan, Edward Kramer, Linda Stamato, Robert J. Torricelli, Individually, and as members of the Board of Governors of Rutgers, the State University of New Jersey, Dr. T. Edward Hollander, Individually, and as Chancellor of Higher Education of the State of New Jersey, and Walter K. Gordon, Individually, and as Dean of Rutgers Camden College of Arts and Science, Defendants.

Civ. A. No. 79-2811.

United States District Court,
D. New Jersey.

June 12, 1980.

Bradford S. Smith, Cinnaminson, N. J., for plaintiffs; Myrna P. Field, Mid-Atlantic Legal Foundation, Philadelphia, Pa., and Hugh Joseph Beard, Jr., Charlotte, N. C., of counsel.

John J. Degnan, Atty. Gen. By: Aron M. Schwartz, Deputy Atty. Gen., Dept. of Law and Public Safety Div. of Law, Education and Public Employment Section, Trenton, N. J., for defendant Dr. T. Edward Hollander.

Clyde A. Szuch, Pitney, Hardin & Kipp, Morristown, N. J., for defendants Dr. Edward J. Bloustein, Dr. Norman Reitman, Donald S. McNaughton, David A. Werblin, Katherine Elkus White, Donald M. Dickerson, Sanford M. Jaffe, Robert Kaplan, Edward Kramer, Linda Stamato, Robert J. Torricelli, and Walter K. Gordon.

Timothy Luria, Priscilla E. Hayes, Trenton, N. J., for intervening defendant New Jersey Public Interest Research Group, Inc.

## OPINION

BROTMAN, District Judge.

This is an action brought under 42 U.S.C. § 1983 by three students enrolled in Rutgers, The State University of New Jersey, on behalf of themselves and all others similarly situated challenging the constitutionality of the manner by which a so-called public interest organization, New Jersey Public Interest Research Group, Inc. ("New Jersey PIRG"), raises funds from students attending the university. Jurisdiction is vested in this court by 28 U.S.C. § 1343. The matter is now before the court upon the motion of one of the defendants, Dr. T. Edward Hollander, the Chancellor of Higher Education for the State of New Jersey, to be dismissed as a defendant in this action, pursuant to Fed.R.Civ.P. 21.

Rule 21 of the Federal Rules of Civil Procedure provides in pertinent part:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.

This rule has been interpreted to apply not only to situations where the requirements for permissive joinder of parties have not been satisfied, Fed.R.Civ.P. 20(a), but also to cases in which "no relief is demanded from one or more of the parties joined as defendants, or no claim for relief is stated against one or more of the defendants." 7 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1683, at 322–23 (1972).

■ Defendant Hollander argues that his joinder as a party is improper since neither he nor his predecessor, who served as Chancellor of Higher Education at the time that the disputed policy was instituted, had any role in the adoption of that policy. Hollander contends that the adoption of the policy was a matter committed to the discretion of the university's Board of Governors, over which he had no authority, control, or power. Answer of Defendant T. Edward Hollander; Defendant's Brief, at 2–3. Concomitantly, Hollander asserts that he would also lack the authority to alter or abolish this policy if he was so directed by an order of this court since the matter is beyond his control.

Plaintiffs respond by pointing to several positions which defendant Hollander holds by virtue of his role as Chancellor of Higher Education for the state. The plaintiffs properly note that under state law the Chancellor of Higher Education is a member of the Board of Higher Education, and serves as its secretary and custodian of its seal. N.J.S.A. 18A:3–6, 3–12. Moreover, the Chancellor is also a member of the Board of Governors and the Board of Trustees of Rutgers. N.J.S.A. 18A:65–14, 65–15. Plaintiffs then proceed to review the various powers of these three organizations, reasoning that, as a member of these boards, Hollander has the power and responsibility to address the issue of the propriety of the disputed policy authorizing the collection of funds for New Jersey PIRG.

The flaw in plaintiffs' line of reasoning becomes apparent upon closer examination of the applicable statutory provisions. Under these sections, the Chancellor of Higher Education is only a non-voting *ex officio* member of these boards. N.J.S.A. 18A:3–6, 65–14, 65–15. This makes an inquiry into the legal duties and powers of these boards an unnecessary endeavor since Hollander lacks any legal power to influence or control their actions. This conclusion is not affected by Hollander's role as secretary of the Board of Higher Education, since it is clear that the statute vests all policy-making powers in the board itself, N.J.S.A. 18A:3–13, 3–14.

Plaintiffs attempt to respond to this predicament by asserting that "Dr. Hollander is uniquely situated in the instant matter as his position requires, among other duties, membership on both the Board of Governors and the Board of Trustees of Rutgers University" and as Chancellor he "is vested with primary responsibility for maintenance of communications among the defendants, the governor, the legislature and the citizens of New Jersey." Plaintiffs' Brief, at *i*.

■ The court finds this line of reasoning equally unpersuasive. The gravamen of the plaintiffs' complaint against a defendant under 42 U.S.C. § 1983 must be that the particular defendant is responsible for the alleged violation of the plaintiffs' constitutional rights, not that the particular defendant is strategically situated in the bureaucratic structure so that he can provide a convenient channel for communication to the other individuals involved in the litigation. *See Bennun v. Board of Governors of Rutgers, the State University of New Jersey*, 413 F.Supp. 1274, 1280 (D.N.J.1976). Furthermore, even if Hollander is in a position to informally influence the actions of these boards by expressing his views to the other members of the boards, this will not make him a proper party in these proceedings. *See New York State Association for Retarded Children, Inc. v. Carey*, 466 F.Supp. 487, 490 (E.D.N.Y.1978); *Committee for Public Education and Religious Lib-*

*erty v. Rockefeller*, 322 F.Supp. 678, 685–86 (S.D.N.Y.1971).

In support of their contention that defendant Hollander has sufficient responsibility to merit his inclusion as a party in this action, plaintiffs rely upon the decision in *Federal National Mortgage Association v. Lefkowitz*, 383 F.Supp. 1294 (S.D.N.Y. 1974). That action named the attorney general and governor of New York as the only two defendants and sought a preliminary and permanent injunction against the enforcement, operation or execution of a state statute on the ground that it was unconstitutional. *Id.*, at 1294–95. In ruling upon the separate motions of the attorney general and the governor to dismiss the action as against each of them, the court observed:

The touchstone in any analysis of whether a particular state officer is a proper defendant in a suit to enjoin the enforcement, operation or execution of a state statute is the landmark case of *Ex Parte Young* (1908) 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed.2d 714. In holding that the federal court had jurisdiction to enjoin a state officer from enforcing a state statute, the Court stated:

"In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party. "It has not, however, been held that it was necessary that such duty should be declared in the same act which is to be enforced. * * * The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specifically created by the act itself, is not material so long as it exists." 209 U.S., at 157, 28 S.Ct., at 453. . . .

*Id.*, at 1296. The court in *Federal National Mortgage Association* went on to find the requisite connection of each defendant to the enforcement of the challenged statute. The court based its finding concerning the state attorney general upon the provision in the statute authorizing the attorney general under certain circumstances to seek an injunction against the continuation of conduct prohibited by the statute. The court's findings concerning the governor's involvement were more attenuated. It concluded that the provision in the state constitution charging him with the duty to "take care that the laws are faithfully executed," N.Y. Const. Art. 4, § 3, provided "a sufficient connection with the enforcement of the statute to make the Governor a proper defendant." *Id.*, at 1298.

An examination of the statements of the court in *Federal National Mortgage Association v. Lefkowitz, supra*, merely serves to illustrate the weakness of the plaintiffs' position. First, unlike the defendants in *Federal National Mortgage Association, supra*, defendant Hollander has no role in the enforcement of any statutory scheme related to the disputed fundraising policy. In fact, plaintiffs in the instant case can point to no statute imposing an affirmative duty upon any of the defendants directly related to the disputed policy issue. At best, the plaintiffs refer the court to general provisions outlining the duties of the *boards* (of which Hollander is not a voting member) in supervising various activities. For example, the plaintiffs cite N.J.S.A. 18A:3–14(r), which provides that the Rutgers Board of Governors shall

Exercise visitorial general powers of supervision and control over such institution of higher education as may be utilized by the State. Its visitorial general powers of supervision and control are hereby defined as visiting such institutions of higher education to examine into their manner of conducting their affairs and to enforce an observance of the laws of the State.

However, the plaintiffs fail to explain how the duty of the Rutgers Board of Governors to enforce the observation of the laws of

New Jersey imposes a relevant duty upon Hollander or the Board when they cannot point to any New Jersey law which regulates the collection of funds by a state university from its students for transmittal to an organization such as New Jersey PIRG.

The court must conclude from the above analysis that the plaintiffs have failed to establish the requisite nexus between the powers and responsibilities of Hollander and the enforcement of any applicable duty. However, this does not terminate the court's consideration of the motion to dismiss Hollander since the plaintiffs make an additional point in opposition to Hollander's motion to drop him as a party in this case. Plaintiffs "argue that the chancellor's position on the Rutgers' Board of Governors requires his presence herein until this matter is concluded in order to facilitate the activation of any remedial action ordered by this court." Plaintiffs' Brief, at 5. Stated more broadly, plaintiffs are contending that Hollander may have to remain as a defendant in this action to assure that plaintiffs are able to obtain all remedies to which they may be entitled. Although this may be a legitimate concern in some cases, *Federal National Mortgage Association v. Lefkowitz, supra*, 383 F.Supp. at 1298 n.3, the court must conclude that the plaintiffs' apprehensions are unfounded, since the members of the Board of Governors of Rutgers remain as defendants in this case and, pursuant to N.J.S.A. 18A:65–25, the Board of Governors is vested with general supervision and control of the university, including the expenditure and transfer of funds from various sources. Accordingly, the court concludes that the plaintiffs would not be prejudiced by the dismissal of the claims as against defendant Hollander.

Therefore, the court will grant the motion of defendant Hollander to be dropped as a defendant.