HOTEL CONSTRUCTORS, INC., and
WTC Hotel Corporation, Plaintiffs,

v.

The SEAGRAVE CORPORATION, Vista
Resources, Inc., Western Vista Corp.,
and Herbert J. Kirshner, Defendants.

No. 82 Civ. 5644 (RLC).

United States District Court,
S.D. New York.

Sept. 29, 1983.

Kelley, Drye & Warren, New York City,
for plaintiffs; John M. Callagy, New York
City, of counsel.

Golenbock & Barell, New York City, for
defendant Seagrave; Michael C. Silberberg,
Geri S. Krauss, Timothy P. Dillon, New
York City, of counsel.

Feltman, Karesh & Major, New York
City, for Morse/Diesel, Inc.; Robert Pearson, New York City, of counsel.

OPINION

ROBERT L. CARTER, District Judge.

This lawsuit arises out of delays in the
construction of the exterior or "curtain
wall" of the Vista International Hotel at
the World Trade Center in New York City.
Plaintiffs WTC Hotel Corp. and Hotel Constructors, Inc. ("HCI")[1] allege, *inter alia,*
that the delays were caused by the Flour
City Architectural Metals Corp. ("Flour
City"), the subcontractor responsible for
erecting the curtain wall. Defendant Seagrave Corp.[2] has counterclaimed against
plaintiffs, alleging that plaintiffs were at
fault.

The subcontract that lies at the heart of
this suit was entered into by Flour City and
by Morse/Diesel, Inc., construction manager
of the project, the latter acting as an agent
for HCI. Seagrave's counterclaims are directed against Morse/Diesel, as well as
plaintiffs, and Seagrave has moved the
court under F.R.Civ.P. 13(h) and 19(a) for
an order joining Morse/Diesel as a defendant on those counterclaims. Defendant
contends that unless Morse/Diesel is added
as a defendant, the court will be unable to
grant Seagrave complete relief. The court,
however, while construing the allegations

---

1. WTC Hotel Corp. and Hotel Constructors,
Inc. are, respectively, the lessee of the space on
which the hotel has been built and the contractor on the construction project.

2. Seagrave Corp. acquired Flour City in September, 1980.

of the counterclaims favorably to the pleader, *see, Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), finds that Seagrave has failed to state a claim against Morse/Diesel upon which relief can be granted. Complete relief can thus be granted to Seagrave without the joinder of Morse/Diesel and the motion must be denied. *See, Galda v. Bloustein,* 86 F.R.D. 561 (D.N.J.1980).

■ An agent is not liable on a contract he signs for a fully disclosed principal unless he clearly manifests his intention to bind himself instead of, or in addition to his principal. *State Mutual Life Assurance Co. of America v. Peat, Marwick, Mitchell & Co.,* 49 F.R.D. 202, 211 (S.D.N.Y.1969) (Tenney, J.); *Savoy Record Co. v. Cardinal Export Corp.,* 15 N.Y.2d 1, 254 N.Y.S.2d 521, 523, 203 N.E.2d 206, 207 (1964); *Mencher v. Weiss,* 306 N.Y. 1, 114 N.E.2d 177, 179 (1953). Seagrave acknowledges that Morse/Diesel signed the subcontract as agent for HCI, Answer ¶¶ 10, 21, and nowhere alleges that Morse/Diesel manifested any intention to bind itself thereby. Yet, Seagrave's counterclaims are precisely and exclusively an attempt to recover damages from Morse/Diesel for breach of the subcontract.

Defendant's first counterclaim alleges that plaintiffs and Morse/Diesel failed to pay Seagrave for work performed "pursuant to the subcontract." Answer ¶ 24. The second counterclaim alleges that plaintiffs and Morse/Diesel failed to provide adequate control, supervision and management services that were "conditions to the performance of the subcontract..." Answer ¶ 30. Defendant alleges that the acts and omissions that constituted the failure to perform these services injured defendant in an unspecified amount. Finally, Seagrave alleges that plaintiffs and Morse/Diesel made changes in the design of the curtain wall that so altered the terms of the subcontract that defendant's recovery should not be limited to the contract price, but should be based upon the "reasonable value of the materials furnished or labor performed." Answer ¶ 37. Though different

in form, all three of defendant's counterclaims allege that plaintiffs and Morse/Diesel failed to perform their obligations under the subcontract and that defendant was injured as a result. Because Morse/Diesel signed the contract as an agent for a disclosed principal, none of these counterclaims states a valid claim against Morse/Diesel.

The affidavit submitted by defendant's counsel in support of this motion repeatedly alleges that Seagrave's counterclaims are based on the subcontract. For example, defendant avers that "Seagrave asserted affirmative defenses, set-offs and counterclaims against plaintiffs and Morse/Diesel for monies owing and damages arising out of that same subcontract." Silberberg Aff. ¶ 7. Nevertheless, defendant argues that its counterclaims state a cause of action against Morse/Diesel because they seek to impose liability for Morse/Diesel's own "wrongful acts." Reply Memorandum p. 4. Defendant contends that Morse/Diesel is "independently responsible for its own acts, notwithstanding the existence of an agency relationship." Silberberg Aff. ¶ 12.

■ Defendant accurately states the law governing an agent's liability in tort. An agent is responsible for his own tortious acts, notwithstanding the agency relationship and regardless of whether the principal is also liable, *Jones v. Archibald,* 45 A.D.2d 532, 360 N.Y.S.2d 119, 122 (4th Dep't 1974); *Rhynders v. Greene,* 255 A.D.2d 401, 8 N.Y. S.2d 143, 144 (3rd Dep't 1938), but defendant's allegations clearly sound in contract. The only "independent, wrongful" act to which defendant points is Morse/Diesel's failure to perform those services alleged in *the second counterclaim to have been* conditions of defendant's performance of the subcontract. Reply Memorandum pp. 4–5. Assuming defendant's allegations to be true, plaintiffs may have breached the subcontract and they may be liable to defendant, but the resulting cause of action is against plaintiffs, not their agent, Morse/Diesel. Regardless of whether Morse/Diesel's acts and omissions were the cause of plaintiff's alleged inability to ful-

fill their contractual obligations to defendant, the cause of action is for breach of contract. That cause of action does not lie against the agent, but the principal. *Mencher v. Weiss, supra.*

Morse/Diesel, as an agent for a fully disclosed principal, is not a proper party to defendant's breach of contract claims, let alone a "necessary" party under F.R.Civ.P. 19. *See, Cone Mills Corp. v. Hurdle,* 369 F.Supp. 426 (N.D.Miss.1974). Accordingly, the motion to join Morse/Diesel as a defendant on defendant Seagrave's counterclaims is denied.

IT IS SO ORDERED.