**DISCOUNT BANK AND TRUST COMPANY, Plaintiff,**

v.

**SALOMON INC., et al., Defendants.**

**In re SALOMON INC. SECURITIES LITIGATION.**

**Nos. 91 Civ. 7525 (RPP),
91 Civ. 5442 (RPP).**

United States District Court,
S.D. New York.

Feb. 20, 1992.

Proskauer Rose Goetz & Mendelsohn by Stephen P. Kramer, New York City, for plaintiff Discount Bank and Trust Co.

Wolf Popper Ross Wolf & Jones by Stephen D. Oestreich, New York City, for plaintiff Class in In re Salomon Securities Litigation.

Milberg Weiss Bershad Specthrie & Lerach by Steven G. Schulman, New York City, for plaintiff Class in In re Salomon Derivative Litigation.

Cravath, Swaine & Moore by F.A.O. Schwarz, John R. Hupper, New York City, for defendants Salomon Inc. and Salomon Bros., Inc.

Munger, Tolles & Olson by George M. Garvey, Los Angeles, Cal., for defendants Warren E. Buffett, et al.

Weil, Gotshal & Manges by Greg A. Danilow, New York City, for defendant Thomas W. Strauss.

### OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants Salomon Inc. and Salomon Brothers Inc. ("Salomon") move jointly pursuant to Rule 42(a) of the Federal Rules of Civil Procedure for an order consolidating, for pretrial purposes only, *Discount Bank and Trust Company v. Salomon, Inc., et al.*, 91 Civ. 7525 (RPP), with *In re Salomon Inc. Securities Litigation*, 91 Civ. 5442 (RPP). Plaintiff Discount Bank and Trust Company ("Discount Bank") requests this Court's permission to move for partial summary judgment. For the rea-

sons set forth below, Defendants' motion is granted, and Plaintiff's request is denied.

### BACKGROUND

The *Discount Bank and Trust Company v. Salomon Inc., et al.* and *In re Salomon Inc. Securities Litigation* actions both relate to alleged bidding irregularities by Salomon in connection with the issuance and sale of securities by the United States Treasury Department and the effect of those irregularities on purchasers or sellers of Salomon securities.[1] *In re Salomon Inc. Securities Litigation* is based on fifteen purported class actions filed in this Court by purchasers or sellers of various securities issued by Salomon. The first of these actions, *Mann v. Salomon Inc.*, 91 Civ. 5442 (RPP), *("Mann")* was filed on August 12, 1991 and purports to represent a class consisting of all persons who purchased Salomon securities, including Salomon notes, between the period December 27, 1990 and August 14, 1991. *Mann* Complaint ¶ 24.

By this Court's Order of September 12, 1991, *Mann* and six other purported class actions which make similar claims were consolidated for pretrial purposes as *In re Salomon Inc. Securities Litigation.* Eight other purported class actions filed thereafter have been consolidated for pretrial purposes by the self-effectuating terms of that Order.

Discount Bank, a Swiss bank, commenced its action on or about November 6, 1991. Its complaint states that it purchased notes issued by Salomon in early May 1991, and it is thus a member of the putative class of plaintiffs defined by a number of the class action complaints constituting *In re Salomon Inc. Securities Litigation.* It complains of the lack of disclosure of the bidding irregularities at issue in *In re Salomon Inc. Securities Litigation.* The complaint sets forth causes of action similar to those of the *In re Salomon Inc. Securities Litigation,* and also includes a cause of action based on the Racketeer Influenced and Corrupt Organization ("RICO") provision of the Organized Crime control Act of 1970, 18 U.S.C. §§ 1962(c) and (d).

Discount Bank has requested the Court's permission to move for summary judgment on its claim alleging violations of Section 11 of the Securities Act of 1933. It opposes Salomon's motion for consolidation for pretrial purposes, stating that it will opt out of the class, when and if that class is delineated, and pursue its claims separately.

### DISCUSSION

### I. REQUEST TO MOVE FOR PARTIAL SUMMARY JUDGMENT

In connection with its proposed summary judgment motion on its Section 11 claim, Discount Bank acknowledges that Salomon may respond to such a motion by: (1) contesting that the admitted illegal activities were not material to the price paid by Discount Bank for the notes issued by Salomon, or (2) attempting to prove the affirmative defense provided by Section 11(e) of the Securities Act of 1933 that the drop in the price of its notes was caused by something other than the failure to disclose its illegal activities. Clearly, both of these defenses would raise genuine issues of material fact. Thus, at this stage of the proceedings, a motion for summary judgment by Discount Bank would be denied and would be a waste of the Court's time. Accordingly, Discount Bank's application to move for summary judgment is denied.

### II. MOTION TO CONSOLIDATE

Discount Bank acknowledges that Rule 42(a) empowers this Court to order consolidation of these actions for pretrial purposes. *MacAlister v. Guterma,* 263 F.2d 65 (2d Cir.1958). However, Discount Bank argues that consolidation should not be used in a way to adversely affect a party's right to choose its own counsel or pursue its procedural and substantive rights, citing *State Mutual Life Assurance Co. v. Peat, Marwick, Mitchell & Co.,* 49 F.R.D. 202

---

1. Also pending are two other related class actions: *In 're Salomon Inc. Derivative Litigation,* 91 Civ. 5500 (RPP), and *In re Salomon Inc. Treasury Litigation,* 91 Civ. 5471 (RPP).

**44**

(S.D.N.Y.1969). Discount Bank also opposes the motion on the ground that consolidation will subject it to the mandates of this Court's Order of August 30, 1991 ("Pretrial Order No. 1"), and will thereby bind it to settlement negotiations conducted for the class as a whole.

Despite its objections, consolidation will neither affect Discount Bank's right to choose its own counsel, nor will it affect substantially its ability to pursue its procedural and substantive rights, including its right to move for summary judgment once discovery has been completed, provided that it is then in a position to show that no genuine issues of material fact exist. Discount Bank's interpretation of Pretrial Order No. 1 is not well founded. Pretrial Order No. 1 consolidates and appoints lead counsel for the class action complaints only. Discount Bank will not be bound by settlement negotiations conducted for the class. It will always have the right to opt out of the class. Consolidation for pretrial purposes will merely require Discount Bank to pursue discovery as arranged by lead counsel in *In re Salomon Inc. Securities Litigation.*

Consolidation for pretrial purposes should result in a joint address of common questions of law and fact. *In re Salomon Inc. Securities Litigation,* in the form of *Mann* complaint, charges violations of Section 11 of the Securities Act of 1933 ("1933 Act"), Section 10(b) of the Securities and Exchange Act of 1934 ("1934 Act"), Section 15 of the 1933 Act, Section 20 of the 1934 Act, and claims based on common law fraud and negligent misrepresentation. The *Mann* complaint bases its claims on registration statements and prospectuses for Salomon preferential stock and notes sold to the public, Salomon's 1990 Form 10K, Salomon's first quarter 1991 Form 10Q, and Salomon's failure to disclose therein its violations of Treasury rules and regulations and federal law. These same causes of action are pleaded in Discount Bank's complaint, and the factual bases for those claims are largely the same doc-

uments.[2] Indeed, the only claim made by Discount Bank which was not made in prior class actions is a RICO claim. The predicate racketeering acts for this claim, however, involve the same conduct and alleged violations charged in earlier class action complaints.

Because common questions of law and fact abound, the discovery relevant to Discount Bank's claims will cover much of the ground covered by discovery in *In re Salomon Inc. Securities Litigation.* Deposition discovery, which has been delayed in the *In re Salomon Inc. Securities Litigation* action with the consent of the Court due to the on-going government investigation, has been scheduled to commence after April 15, 1992. Discount Bank by virtue of consolidation will benefit by receiving in the near future document discovery already produced in the *In re Salomon Inc. Securities Litigation,* although it has not utilized Rules 26 through 34 of the Federal Rules of Civil Procedure to date.

Consolidation for pretrial purposes is also advantageous to the Court in that it ensures that the multitude of claims involving Salomon which must be adjudicated will be presented in an orderly and efficient manner, and not in a disorganized manner which will place innumerable burdens on the Court and thereby result in possible delay and disadvantage to a large number of claimants, including Discount Bank.

### CONCLUSION

For the foregoing reasons, Discount Bank's application to move for summary judgment on its claim under Section 11 of the Securities Act of 1933 is denied, and Defendants' motion to consolidate for pretrial purposes *Discount Bank and Trust Company v. Salomon Inc., et al.,* 91 Civ. 7525 (RPP), with *In re Salomon Inc. Securities Litigation,* 91 Civ. 5442 (RPP), is granted.

IT IS SO ORDERED.

---

**2.** Due to the shorter period of time involved, Discount Bank's claims are not based on *all* of

the same documents as the claims in the *Mann* complaint.